IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-20544-KMM

ARCHITECTURAL INGENIERIA
SIGLO XXI, LLC, *et al*.,

    Plaintiffs,

vs.

DOMINICAN REPUBLIC, *et al*.,

    Defendants.
    _____/

## **ORDER**

THIS CAUSE came before the Court upon Defendant Dominican Republic's Motion for Reconsideration (ECF No. 52) (the "Motion") of this Court's Order (ECF No. 51) Denying Defendant's Motion to Vacate Final Judgment for Lack of Subject Matter Jurisdiction (ECF No. 45) (the "Motion to Vacate). Defendant moves for reconsideration on the grounds that the Court should not have relied on the pending appeal in this case to conclude that it lacked jurisdiction to entertain the merits of the Motion to Vacate. Plaintiff responded (ECF No. 53) and Defendant replied (ECF No. 54). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, Plaintiff's Response, Defendant's Reply, the Motion to Vacate, Plaintiff's Response to the Motion to Vacate (ECF No. 49), Defendant's Reply in support of the Motion to Vacate (ECF No. 50), other pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order VACATING its Order (ECF No. 51) and DENYING Defendant's Motion to Vacate (ECF No. 45) on the merits.

**I.     BACKGROUND**

This action concerns a Final Default Judgment for approximately $51,000,000 entered in favor of Plaintiffs Architectural Ingenieria Siglo XXI, LLC and Sun Land & RGITC, LLC ("SL & RGITC") (collectively "Plaintiffs") against Defendants the Dominican Republic and Instituto Nacional De Recursos Hidráulicos ("INDRHI"), a Dominican government agency. Final Default Judgment (ECF No. 16) at 1-2; Compl. (ECF No. 1) at 1. On February 13, 2013, Plaintiffs filed a Complaint alleging "breach of contract, and, in the alternative, unjust enrichment, based on an agreement[1] for the construction of an irrigation infrastructure project (the "Project") in the Dominican Republic." August 20, 2013 Order (ECF No. 30) at 1-2. Defendants originally attacked the default judgment against them arguing that they failed to respond to the Complaint because of a clerical mistake and excusable neglect. Id. at 4-6. After the Court rejected this argument, Defendant Dominican Republic moved to vacate, arguing that the Court lacked subject matter jurisdiction over it because of sovereign immunity. Despite the express waivers of sovereign immunity in the agreements (ECF No. 1-4 at 8; ECF No. 1-3 at 36), Defendant Dominican Republic argued it never waived sovereign immunity because it was not a party to the agreements concerning the $51,000,000 in loans and the Project. See ECF No. 45.

On December 10, 2013, this Court entered its Order denying the Motion to Vacate. In denying the Motion to Vacate, the Court relied on the pending appeal in this case to conclude that it lacked jurisdiction to entertain the Motion to Vacate. ECF No. 51. Here, Defendant Dominican Republic moves for reconsideration of that motion and argues that the Court had jurisdiction to address the merits of the Motion to Vacate.

---

[1] The agreement for the construction of the Project was actually a collection of agreements each pertaining to various aspects of the Project, including financing, construction, sub-contracting, etc. See ECF Nos. 1-3 – 1-11. They all constitute one overall agreement controlling the relationships between each of the parties involved in the various aspects of the Project.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

A court "retain[s] jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion." Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003); see Fed. R. Civ. P. 62.1(a).  The Court may also defer considering the motion or state either that it would grant the motion if the case were remanded for that purpose or that the motion raises a substantial issue. Id.

### B. Motion to Vacate Based on Sovereign Immunity

"The FSIA (Foreign Services Immunity Act) is the exclusive source of subject matter jurisdiction over all civil actions against foreign states." Alejandre v. Telefonica Larga Distancia, de Puerto Rico, Inc., 183 F.3d 1277, 1282 (11th Cir. 1999).  "[A] foreign state is immune from the jurisdiction of federal or state courts unless one of the statutory exceptions to immunity applies."  Id.; see 28 U.S.C. § 1604.  Two such statutory exceptions are (1) where the foreign stated waived its immunity, and (2) where the action is based on a commercial activity by the foreign state that is performed in the United States or that causes a direct effect in the United States.  28 U.S.C. § 1605(a)(1)-(2).  A particular commercial transaction or act can constitute commercial activity.  28 U.S.C. § 1603(d).

## III. ANALYSIS

### A. Motion for Reconsideration

The Court should not have relied on the pending appeal to conclude that it lacked jurisdiction to entertain the merits of the Motion to Vacate.  Because Defendant Dominican

3

Republic moves to vacate on the basis of a lack of subject matter jurisdiction, the Court will address the issue on the merits.  See Mahone, 326 F.3d at 1180.

### B. Motion to Vacate Based on Sovereign Immunity

Defendant Dominican Republic argues it is immune from suit and that none of the statutory exceptions to immunity apply because it is not a party to the collection of agreements between Plaintiffs on the one hand, and the Technical Secretary of the President of the Dominican Republic (the "Technical Secretary of the President") and INDRHI on the other. Mot. to Vacate at 2; see, e.g., Purchase Agreement, ECF No. 1-4.  To make this argument, Defendant Dominican Republic asserts that because only its Technical Secretary of the President and INDRHI signed the agreements, and because it is a distinct legal entity from INDRHI (and its Technical Secretary of the President), it never waived sovereign immunity or submitted to jurisdiction in the United States.  Mot. to Vacate at 10.

Defendant's argument is meritless.  The collection of agreements, including the Protocol Agreement (ECF No. 1-3), Purchase Agreement (ECF No. 1-4), and an "Agreement" (ECF No. 1-5), attached to the Complaint all relate to each other and include numerous statements that INDRHI and the Technical Secretary of the President signed and executed the agreements in the name of and as the representative of Defendant Dominican Republic.  See ECF No. 1-3 at 1-2, 42; ECF No. 1-5 at 1.  Defendant Dominican Republic became a party to the agreements through its government agency INDRHI and its Technical Secretary of the President and thereby waived its sovereign immunity.

First, the agreements make clear that Defendant Dominican Republic was acting through INDRHI and its Technical Secretary of the President in executing the agreements.  The President

of the Dominican Republic granted the Special Power No. 691-01 to the Technical Secretary and the INDRHI

> "that in the name of and in representation of the Dominican State they both shall subscribe a Financial Agreement with the Florida Export Finance Corporation (FEFC) and other commercial bank (sic) or financial entities . . . by which the Dominican State shall get a Loan in the Maximum Amount of [$51,777,314] . . . such credit shall be for the construction of the irrigation system of Azua II and Pueblo Viejo, Dominican Republic."

ECF No. 1-3 at 1. Defendant Dominican Republic focuses much of its argument on asserting that INDRHI is a separate legal entity from Defendant Dominican Republic, but this ignores that it also acted through its Technical Secretary of the President and that it authorized and "mandate[d]" both INDRHI and the Technical Secretary of the President to act "in the name of" Defendant Dominican Republic to obtain the loans. Id. at 2. Because they acted "in the name of" Defendant Dominican Republic for purposes of the agreements in this case, Defendant Dominican Republic is interchangeable as a party to the agreements wherever INDRHI or the Technical Secretary of the President are Parties[2].

In addition, Defendant Dominican Republic's Congress indicated the purpose of the agreements was to obtain a loan *to* Defendant Dominican Republic. "The [Dominican] Senate and the House of Representatives approved . . . in the amount of [$51,777,321] . . . [a] loan to the Dominican Republic State by [Plaintiff] SL & RGITC . . . and [] [a] loan to the Dominican Republic State by SunTrust Bank . . . . ECF No. 1-3 at 2. The Dominican Senate also certified that Defendant Dominican Republic is a party to the Purchase Agreement "between the Dominican State and [Plaintiff SL & RGITC] . . . ." ECF No. 28-8.

---

[2] The agreements also referred to these entities interchangeably. For example, the Protocol Agreement refers to the Purchase Contract (ECF No. 1-4) as being between "[Plaintiff] SL & RGITC and the [Defendant] Dominican Republic" (ECF No. 1-3 at 2), whereas the Purchase Agreement itself states the parties are Plaintiff SL & RGITC on the one hand, and INDRHI and the Technical Secretary of the President on the other. ECF No. 1-4 at 1.

For the foregoing reasons, Defendant Dominican Republic is bound by the terms of the agreements wherever INDRHI and the Technical Secretary to the President are parties.

Defendant Dominican Republic's argument against subject matter jurisdiction fails because the agreements contain express submissions to jurisdiction in the United States and waivers of sovereign immunity. In the Purchase Agreement, the Submission to Jurisdiction states: "[a]ll parties to this agreement . . . hereby irrevocably waive . . . any objection . . . based on the grounds of jurisdiction." ECF No. 1-4 at 7. The Waiver of Sovereign Immunity states that the parties: "acknowledge and agree that the activities contemplated by the provisions of this Agreement are commercial in nature . . . and thereof acknowledge and agree that they are not entitled to any right of immunity on the grounds of sovereignty . . . in any legal proceeding arising out of or relating to this agreement." Id. at 8. These provisions establish both statutory exceptions to sovereign immunity: (1) waiver and (2) an action based on commercial activity in or causing a direct effect in the United States. See 28 U.S.C. §§ 1605(a), 1603(d). The Protocol Agreement includes the same Submission to Jurisdiction and Waiver of Immunity. ECF No. 1-3 at 34, 36. Defendant Dominican Republic obtained loans through INDRHI and its Technical Secretary of the President; likewise, Defendant Dominican Republic waived its sovereign immunity through INDRHI and the Technical Secretary.

### IV.   CONCLUSION

For the foregoing reasons, it is:

ORDERED AND ADJUDGED that this Court's Order (ECF No. 51) is hereby VACATED.

It is FURTHER ORDERED that Defendant's Motion to Vacate (ECF No. 45) is hereby DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>22nd</u> day of April, 2014.

                                                                                                           _____

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record