UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20544-CIV-MOORE

ARCHITECTURAL INGENIERIA
SIGLO XXI, LLC, a Florida limited
liability company, and SUN LAND &
RGITC LLC f/k/a SUN LAND & RGITC,
CO., a Florida limited liability company,

      Plaintiffs,

v.

DOMINICAN REPUBLIC, a foreign state,
and INSTITUTO NACIONAL DE
RECURSOS HIDRÁULICOS, a foreign
government agency,

      Defendants.
_____/

## DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT AND DOMINICAN REPUBLIC'S MOTION TO DISMISS COMPLAINT, PURSUANT TO APPELLATE COURT MANDATE

Defendants, the DOMINICAN REPUBLIC, a foreign sovereign (the "DR"), and INSTITUTO NACIONAL DE RECURSOS HIDRÁULICOS,[1] a foreign instrumentality ("INDRHI") (collectively, the "Defendants"), move this Court to vacate the default judgment entered against them per the decision and mandate of the Eleventh Circuit Court of Appeals (attached).  The DR further moves this Court to enter final judgment dismissing with prejudice all claims against the DR premised on the three Addenda and "the Amendment" for lack of subject matter jurisdiction, as directed by the Eleventh Circuit's decision and mandate. The DR further moves this Court to dismiss without prejudice the Complaint, in its entirety, and direct

---

[1]  The "National Institute for Hydraulic Resources."

Plaintiffs to file an Amended Complaint consistent with, and asserting only those claims that are not barred by, the Appellate Court's mandate.

1.   The Eleventh Circuit directed that the default judgment be vacated as void with respect to the DR pursuant to Rule 60(b)(4) for lack of subject matter jurisdiction,[2] and be vacated as to the DR and INDRHI pursuant to Rule 60(b)(1) because all grounds for vacatur of the default judgment were established and the denial of vacatur was an abuse of discretion.[3]

2.   The Eleventh Circuit further directed that, on remand, Plaintiffs' claims in the Complaint against the DR premised on the three Addenda entered into by INDRHI and Plaintiff Architectural Ingenieria Siglo XXI, LLC ("Architectural") or "the Amendment," which Plaintiffs allege the parties executed, must be dismissed with prejudice for lack of subject matter jurisdiction.[4]

3.   More specifically, the Eleventh Circuit found that the three Addenda were not amendments to the Protocol, which contained an express waiver of sovereign immunity, and instead incorporated the terms of Contract 10375, which contained no agreement to submit to United States jurisdiction or a waiver of sovereign immunity. The Court further found that any commercial activity on the part of INDRHI cannot be imputed to the DR for purposes of waiver

---

[2] *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *10 (11th Cir. June 10, 2015).

[3] *Id.* at *13, *13 n.12. ("Based on our review of the record, we also conclude that the Dominican Republic and INDRHI have meritorious defenses and that vacating the default judgment will not prejudice Sun Land and Architectural.")

[4] *Id.* at *10.

2

of sovereign immunity.[5] It also found that the work under each Addendum was not directly related to the Azua II project and that the payment terms were different.[6]

4. The appellate court further found that "the Amendment" was not an amendment "of either the purchase agreement or the protocol, the documents memorializing the Azua II project," because it was "signed only by INDRHI, not by 'the parties' as Sun Land and Architectural alleged," and it "contained no terms or obligations, nor did it incorporate the terms of any other contract." [7] As a result, it was "neither an amendment of a document that relates to the Azua II project [which contained a waiver of sovereign immunity] nor a stand-alone agreement."[8]

5. The Eleventh Circuit found that "the only documents attached to the complaint that relate to the Azua II project" were the Purchase Agreement and the Protocol,[9] and that this Court has subject matter jurisdiction over the DR on claims arising from these agreements. But the appellate court further found that this Court had no subject matter jurisdiction over the claims in the Complaint arising from the three Addenda and "the Amendment." Accordingly, Plaintiffs' claims against the DR premised on the three Addenda or "the Amendment" should be dismissed with prejudice for lack of subject matter jurisdiction, and the claims against the DR based on the Purchase Agreement and Protocol should be dismissed without prejudice.

---

[5] *Id.* at *11.

[6] *Id.* at *9.

[7] *Id.* at *9.

[8] *Id.*

[9] *Id.* at *10.

CASE NO. 13-20544-CIV-MOORE
*Defendants' Motion to Vacate Default Judgment*
*Pursuant to Appellate Court Mandate*

6. Because this Court has no subject matter jurisdiction over any claims against the DR based on the three Addenda or "the Amendment," Plaintiffs' claims against the DR should be dismissed in their entirety for lack of subject matter jurisdiction. Indeed, such an order is necessary because, where claims over which the Court does not have subject matter jurisdiction are inextricably mixed with claims over which the Court does have subject matter jurisdiction, the claims in their entirety must be dismissed. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety"). To the extent Plaintiffs wish to pursue any claims against the DR and INDRHI not barred by the Eleventh Circuit's decision and mandate, this Court should require Plaintiffs to file an amended complaint by a date to be determined by this Court and Defendants shall respond in accordance with the Federal Rules of Civil Procedure. Such an order directing the filing of an amended complaint will not only benefit the parties, but is in the interest of judicial economy and efficiency.

WHEREFORE, Defendants, Dominican Republic and Instituto Nacional de Recursos Hidraulicos, request that this Court, in accordance with the Eleventh Circuit's decision and mandate, vacate the default judgment as to the DR and INRDRHI, dismiss the claims against the DR premised on the three Addenda and "the Amendment" with prejudice, dismiss the claims against the DR premised on the Purchase Agreement and the Protocol without prejudice, and direct Plaintiffs to file an amended complaint to assert any claims against the DR and INDRHI not barred by the appellate court's decision by a date to be determined by this Court.

CASE NO. 13-20544-CIV-MOORE
*Defendants' Motion to Vacate Default Judgment*
*Pursuant to Appellate Court Mandate*

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Attorneys for Defendants*
701 Brickell Avenue, Suite 3000
Miami, FL  33131
Telephone: (305) 374-8500
Fax:  (305) 789-7799

By: s/ Gregory A. Baldwin
Gregory A. Baldwin
Florida Bar No. 527394
gregory.baldwin@hklaw.com
Eduardo A. Ramos
Florida Bar No. 189944
eduardo.ramos@hklaw.com
Ilene L. Pabian
Florida Bar No. 62499
ilene.pabian@hklaw.com
Da'Morus A. Cohen
Florida Bar No. 86446
damorus.cohen@hklaw.com

### CERTIFICATE OF SERVICE

**I hereby certify that on July 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.**

By:   s/ Gregory A. Baldwin
Gregory A. Baldwin

**CASE NO. 13-20544-CIV-MOORE**
*Defendants' Motion to Vacate Default Judgment*
*Pursuant to Appellate Court Mandate*

### SERVICE LIST

Tucker H. Byrd, Esq.
Scottie N. McPherson, Esq.
Tucker H. Byrd & Associates, P.A.
180 North Park Avenue, Suite 2A
Orlando, Florida 32789
*Via CM/ECF*

Carlos A. Souffront, Esq.
GrayRobinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
*Via CM/ECF*
    *Attorneys for Plaintiffs*

#36197565_v4