UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20544-CIV-MOORE

ARCHITECTURAL INGENIERIA
SIGLO XXI, LLC, a Florida limited
liability company, and SUN LAND &
RGITC LLC f/k/a SUN LAND & RGITC,
CO., a Florida limited liability company,

       Plaintiffs,

v.

DOMINICAN REPUBLIC, a foreign state,
and INSTITUTO NACIONAL DE
RECURSOS HIDRÁULICOS, a foreign
government agency,

       Defendants.

_____ /

## DEFENDANT INDRHI'S MOTION TO DISMISS COMPLAINT, AND DEFENDANTS DOMINICAN REPUBLIC AND INDRHI'S MOTION TO STRIKE, AND SUPPORTING MEMORANDUM OF LAW

Defendant, the INSTITUTO NACIONAL DE RECURSOS HIDRÁULICOS,[1] a foreign

instrumentality ("INDRHI" or the "Defendant"), by and through its undersigned counsel and

pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6), hereby moves to dismiss the Complaint

("Complaint"), and pursuant to Rule 12(f), Fed. R. Civ. P., both INDRHI and the Defendant

Dominican Republic ("DR") (collectively, the "Defendants") move to strike the demand for

attorney's fees and costs in Count II, filed by Plaintiffs, ARCHITECTURAL INGENIERIA

SIGLO XXI, LLC ("ARCHITECTURAL"), and SUN LAND & RGITC LLC f/k/a SUN LAND

& RGITC, CO. ("SL & RGITC").  In support thereof Defendants state the following:

---

[1]  The "National Institute for Hydraulic Resources."  Defendant Dominican Republic has also
moved to dismiss the Complaint in a separate motion based on the Mandate issued by the
Eleventh Circuit Court of Appeals.

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

## INTRODUCTION

Plaintiffs Complaint in this action alleges two Counts against the Dominican Republic and its agency, INDRHI: the first for breach of contract (Count I) and the second, pled in the alternative, for unjust enrichment (Count II).  Plaintiffs' breach of contract claims are based upon six separate documents which they improperly lump together as "the Contract" (ECF No. 1 at ¶54; and Brief for Plaintiffs-Appellees at 9, 26, *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333 (11th Cir. June 10, 2015)).  Those six documents are: (1) the 2002 Purchase Agreement ("Purchase Agreement") (ECF No. 1-4); (2) the 2004 Protocol Agreement ("Protocol") (ECF No. 1-3); (3-5) Addenda Nos. 1, 2 and 3. (ECF No. 1-8 through 1-10); and (6) the "Amendment," which was a March 15, 2006 letter from INDRHI to Architectural. (ECF No. 1-7).[2]  These documents were dated over a six-year period, and had different provisions, parties and purposes and do not constitute one "Contract" between the Parties here.  The terms of those documents go directly to the bases of the Defendants' arguments in this Motion.  The six documents are:

- The February 19, 2002 Purchase Agreement, which was an agreement between Sun Land, INDRHI and STP[3] in which: (i) INDRHI agreed to buy from Sun Land certain "Products" and "Services" for the design and construction of an irrigation project known as the "Azua II Project"; and (ii) STP agreed to obtain financing through Sun Land to pay for the Products and

---

[2] Plaintiffs refer to this document by various terms (*see* p. 4-5 below) and Defendants have previously referred to it as the "Amendment."  The appellate court chose to refer to it as the "Amendment," and Defendants will adopt that terminology for the sake of clarity and consistency.

[3] STP is the acronym for Secretario Tecnico de la Presidencia de la República Dominicana, or Technical Secretary of the Presidency of the Dominican Republic. (ECF No. 1-4 at 1). STP is not a party in this case.  By signing the Purchase Agreement, however, STP bound the DR itself.  *See Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *10-11 (11th Cir. June 10, 2015).

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

Services. (ECF No. 1-4 at 1, 2). The Purchase Agreement provided for: (i) submission to jurisdiction in federal court in Miami in any lawsuit arising from "this agreement or [financing] notes;" and (ii) waiver of sovereign immunity by INDRHI and STP in a lawsuit arising from "this Agreement or the [financing] Notes."  (ECF No. 1-4 at 7, 8).

- The February 13, 2004 Protocol, which was an agreement between Sun Land, Architectural, and INDRHI in the amount of $42.2 million establishing the procedures to be followed for the work on the Azua II Project. Neither the DR nor STP was a party to the Protocol, but the DR is nonetheless bound by it.[4]  (ECF No. 1-3 at 1-3). In the event of a dispute under the Protocol, the parties agreed to: (i) submit to jurisdiction in federal court in Miami; and (ii) waive sovereign immunity as to INDRHI *alone* in any such lawsuit. (ECF No. 1-3 at 33-36). Since the DR was not a party to this agreement, it is not bound by INDRHI's express waiver of sovereign immunity.

- Addenda Nos. 1, No. 2 and No. 3 of November 6, 2007, January 24, 2008, and July 15, 2008, which were each between INDRHI and Architectural. (ECF No. 1-8; 1-9; 1-10). Addendum No. 1 was for various structural repairs to an irrigation canal in the Azua II region. (ECF No. 1-8 at 1-2).  Addenda Nos. 2 and No. 3 were for the repair of damage caused by two 2007 tropical storms to the canal system in the Azua II region.  (ECF No. 1-9 at 1-2; ECF No. 1-10 at 1-2).  Each Addendum on its face incorporated the terms of Contract No. 10375 (discussed below). (ECF No. 1-8 at 4; ECF No. 1-9 at 3; ECF No. 1-10 at 4).  As the appellate court found, contrary to Plaintiffs' claims, none of the Addenda were amendments to the Purchase Agreement

---

[4] *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *11 (11th Cir. June 10, 2015).

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

or the Protocol.[5] None of the Addenda contained any waiver of sovereign immunity, submission to U.S. jurisdiction, or special arrangement for service of process.

- Contract No. 10375 dated March 7, 2002, which was an agreement between INDRHI and Architectural for the studies, design and construction of the Azua II Project. (ECF No. 1-6). It was terminated by the 2004 Protocol. (ECF No. 1-3 at 42). However, its *terms* were incorporated into Addenda Nos. 1, 2 and 3. (ECF No. 1-8 at 4; ECF No. 1-9 at 3; ECF No. 1-10 at 4). Those terms contained no submission to U.S. jurisdiction, no special arrangement for service of process, and no waiver of sovereign immunity. Instead, they provided for: (i) jurisdiction in the courts of Santo Domingo; (ii) application of Dominican law; and (iii) arbitration of disputes to be held in the Dominican Republic. (ECF No. 1-6 at 14, 15).

- The "Amendment" alleged in Paragraph 31 of the Complaint, which, contrary to the Plaintiffs' claims, is on its face neither a contract nor an amendment to any other agreement. Plaintiffs nevertheless incorrectly characterize it variously as the "Third Contract" (ECF No. 1, at p. 8), "an Agreement" (ECF No. 1 at ¶31), "a [N]ew Contract" (ECF No. 13 at 3; ECF No. 14 at 3), or as an "Amendment" to either the Purchase Agreement or the Protocol (*See Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *4, 11-12 (11th Cir. June 10, 2015)).  The "Amendment" is nothing more than a March 15, 2006 letter from INDRHI to Architectural. (ECF No. 1-7), and the document itself contradicts Plaintiffs' allegations,

___
[5] Plaintiffs allege this at ¶¶ 37, 39 and 40 of the Complaint.  However, the three Addenda directly contradict this allegation. On their faces, the Addenda incorporated were amendments to Contract No. 10375, not the Protocol. The Defendants recognize that in a Motion to Dismiss all well pleaded factual allegations should be regarded as true. However, as the appellate court in this case stated, where a document attached to the Complaint contradicts those allegations, as do the three Addenda here (as well as the "Amendment" described below), those allegations are not entitled to a presumption of veracity. *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *9-10 (11th Cir. June 10, 2015) and cases cited therein.

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

because on its face the letter merely attached a chart of the cost breakdowns of two categories of work: the "Components of the *Present* Contract" totaling $38,323,315 and the "Components of Works in *Amendment*" totaling $61,983,929 (emphasis added). As the appellate court found here, it is signed only by INDRHI, *not* by "the parties" as Appellees alleged (ECF No. 1 at ¶31); it contains no terms or obligations; it does not refer to or incorporate the terms of any other contract; it is not part of the Purchase Agreement or the Protocol; and it is not an amendment to the Protocol because it is not signed by all the parties thereto. (ECF No. 1-3 at 41). *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *9 (11th Cir. June 10, 2015).

Counts I and II are both based in part on Addenda Nos. 1, 2 and 3 to Contract 10375, and the "Amendment" referred to in Paragraph 31 of the Complaint, or work performed relating to those documents.  As a result, both Counts should be dismissed for the following reasons: (i) this Court lacks subject matter jurisdiction over claims based on or arising from the three Addenda and the "Amendment"; and (ii) venue for such claims in this District is improper.  In addition, Count II should also be dismissed because it fails to state a valid alternative claim upon which relief can be.  Finally, both Defendants move to strike Plaintiff Architectural's demand in Count II for attorneys' fees and costs because Architectural has failed to establish a legal basis for that demand.

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

**MEMORANDUM OF LAW**

A.   **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER ANY CLAIMS AGAINST THE DEFENDANTS IN COUNTS I AND II BASED ON THE THREE ADDENDA OR THE "AMENDMENT," AND ANY CLAIMS BASED ON THEM SHOULD BE DISMISSED.**

Plaintiffs concede that the Defendant DR is a sovereign foreign nation (ECF No. 1 at ¶4) and that the Defendant INDRHI is an agency or instrumentality of that foreign state (ECF No. 1 at ¶5). The Foreign Sovereign Immunities Act, 28 U.S.C. §§1602 *et seq.* (the "FSIA") represents the exclusive means by which United States courts may exercise subject matter jurisdiction over a claim against a foreign state or its agencies or instrumentalities.  *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993); *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989); *Alejandre v. Telefonica Larga Distancia de Puerto Rico, Inc.*, 183 F.3d 1277, 1282 (11th Cir. 1999) ("The FSIA is the exclusive source of subject matter jurisdiction over all civil actions against foreign states."). *See also* 28 U.S.C. § 1603(a) (term "foreign state" includes "an agency or instrumentality of a foreign state").

INDRHI concedes that this Court has subject matter jurisdiction over it with regard to the Purchase Agreement and the Protocol because INDRHI expressly waived its sovereign immunity in those agreements.  (ECF Nos. 1-3 at p. 36; 1-4 at p. 8). But this Court does <u>*not*</u> have subject matter jurisdiction over INDRHI with regard to any claims in the Complaint based upon or arising from the three Addenda or the "Amendment," because it is a foreign sovereign immune from suit in this country under the FSIA, and none of the enumerated statutory exceptions to sovereign immunity apply here.  For this reason, since Plaintiffs' claims in both Counts arise out of the three Addenda and the "Amendment, those claims must be dismissed with prejudice.

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

1.     **INDRHI Is a Foreign Sovereign Entitled To Sovereign Immunity Under The Foreign Sovereign Immunities Act.**

INDRHI is entitled to sovereign immunity on these claims. As noted, Plaintiffs concede that the DR is a sovereign foreign nation, and that INDRHI is an agency or instrumentality of the DR.  Sections 1604 and 1603 of the FSIA provide that agencies and instrumentalities of a foreign sovereign nation are presumptively "immune from the jurisdiction of the courts of the United States" unless a specifically-enumerated exception to immunity applies. *See also Saudi Arabia*, 507 U.S. at 355. As the DR has already conclusively demonstrated to this Court in its Motion to Vacate Final Default Judgment for Lack of Subject Matter Jurisdiction (ECF No. 45 at pp. 16-18, which we incorporate herein by reference), INDRHI clearly meets the FSIA definition of an "agency or instrumentality of a foreign state" in 18 U.S.C. §1603.[6] As such, as the appellate court here concluded, INDRHI is presumed to be a separate and independent entity from the DR and entitled to sovereign immunity in its own right.[7] Therefore, INDRHI is a foreign sovereign entitled to immunity from suit in this country under FSIA §1604, unless one of the exceptions to sovereign immunity under FSIA §1605 apply.

---

[6] In any case, the burden is on Plaintiffs to demonstrate that INDRHI is *not* an agency or instrumentality of a sovereign state such that it is not entitled to sovereign immunity in its own right. *See S & Davis Int'l., Inc. v. Yemen*, 218 F.3d 1292, 1299 (11th Cir. 2000) ("Where jurisdiction depends on an allegation that the particular defendant was an agent of the sovereign, the plaintiff bears the burden of proving this relationship") (quoting *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 533–34 (5th Cir. 1992); *Alejandre*, 183 F.3d at 1285 (stating that the burden is on the plaintiff to establish that the foreign agency or instrumentality is not entitled to separate recognition).

[7] *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *11 (11th Cir. June 10, 2015).

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

2.    **None Of The Exceptions To Sovereign Immunity Under The FSIA Apply To INDRHI.**

Section 1605 of the FSIA provides the general exceptions to the presumptive jurisdictional immunity afforded to foreign sovereigns, the relevant two of which here are the waiver and "commercial activity" exceptions. *See* 28 U.S.C. § 1605(a). With regard to the three Addenda and the "Amendment," neither of these exceptions applies, for three reasons.  First, neither the three Addenda nor the "Amendment" on their face include any express or implied waiver of sovereign immunity by INDRHI. While the Purchase Agreement and the Protocol do contain express waivers, neither the three Addenda nor the "Amendment" are amendments to those agreements or incorporate their terms, and therefore they do not include those express waivers. The "Amendment" is signed only by INDRHI (not by "the parties" as Plaintiffs incorrectly allege in the Complaint, ECF No. 1 at ¶31) and thus is not, as the appellate court concluded,[8] an amendment to the Purchase Agreement or the Protocol (which require the signatures of *all* the parties for amendments; *see* ECF No. 1-3 at 41; ECF No. 1-4 at 10). And the three Addenda on their faces are amendments *to Contract No. 10375*, not the Purchase Agreement or the Protocol, and Contract No. 10375 not only contained no such waiver, but actually reserved jurisdiction over disputes to the DR alone.[9]  (ECF No. 1-6 at pp. 14, 15).

INDRHI recognizes that Plaintiffs have pled that these documents are amendments to the Protocol and/or Purchase Agreement (ECF No. 1, at ¶¶31, 37, 39 and 40), and that well pled allegations should be taken as true for purposes of a motion to dismiss.  However, there is no doubt that when an exhibit to a complaint contradicts and negates the substantive allegations

---

[8] *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *9 (11th Cir. June 10, 2015).
[9] *See Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *20-21 (11th Cir. June 10, 2015).

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

contained in the complaint, the exhibit controls for purposes of a Rule 12 motion to dismiss. Fed. R. Civ. P. 10(c); *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *13 n. 10 (11th Cir. June 10, 2015), and cases cited therein. Accordingly, this Court should be governed by what the exhibits say rather than what the Plaintiffs allege they say, and here they say that neither the three Addenda nor the "Amendment" are amendments to either the Protocol or the Purchase Agreement.

Second, the three Addenda do not constitute "commercial activity" under FSIA §1605. To constitute commercial activity, the activity must be based on: (i) activity carried on in the United States by the foreign state; (ii) an act performed in the United States in connection with a commercial activity of the foreign sovereign elsewhere; or (iii) upon an act outside the territory of the United States in connection with a commercial activity of the foreign sovereign elsewhere and that act causes a direct effect in the United States. I8 U.S.C. §1605(a)(2). Here, a simple reading of each Addendum shows clearly that none of them involved *any* act to be performed *in the United States*. Indeed, the only connection in the Addenda with the United States is that the party to be paid by INDRHI, Architectural, is a citizen of the U.S. But even then, payment was to be made in Dominican pesos, and there is no indication that payment was to be made in the U.S. In any case, payment in the United States is not an act that "causes a direct effect in the United States" sufficient to invoke the "commercial activity" exception of the FSAI. *See Araya-Solorzano v. Gov't of Republic of Nicaragua*, 562 F.App'x 901, 904 (11th Cir. 2014); *Guevara v. Republic of Peru*, 608 F.3d 1297, 1310 (11th Cir. 2010).

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

And third, the "Amendment" on its face contains no terms or obligations, nor does it incorporate the terms or obligations of any other contract.[10] On its face, then, the "Amendment" is thus neither an amendment of a document that contains any waiver of sovereign immunity nor is it a stand-alone agreement that involves any "commercial activity" as defined in FSIA §1605. Accordingly, this Court has no subject matter jurisdiction over the Defendants based on the supposed "Amendment."

For these reasons, because both Counts in the Complaint include claims over which this Court lacks subject matter jurisdiction because of INDRHI's sovereign immunity under the FSIA, they must be dismissed.

**B.    VENUE IN THE SOUTHERN DISTRICT OF FLORIDA IS IMPROPER AS TO CLAIMS ARISING FROM THE THREE ADDENDA OR THE "AMENDMENT" AND COUNTS I AND II OF THE COMPLAINT SHOULD BE DISMISSED AS TO THOSE CLAIMS.**

INDRHI concedes that venue in the Southern District of Florida is proper, but *only* as to those claims that arise from the Purchase Agreement and the Protocol. Venue in this District is proper as to *those* claims only because INDRHI expressly agreed that disputes arising out of the Purchase Agreement and the Protocol would be subject to venue here. ECF No. 1-3 at pp. 34-35; ECF No. 1-4 at p. 7). But the same is *not* true for claims arising from the three Addenda or the "Amendment." For those documents, and for claims arising thereunder, this Court has no subject matter jurisdiction, as we have shown above, which renders any venue moot. Even if it did not, though, venue here is still improper as to all of Plaintiffs' claims based upon or arising from the three Addenda or the "Amendment," and those claims must be dismissed for that

---

[10] *See Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *9 (11th Cir. June 10, 2015).

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

reason, given that: (1) the three Addenda (through Contract No. 10375) expressly provide for venue only in the DR; and (2) venue here is improper under the federal venue statute, 20 U.S.C. §1391.

**1.    The Parties Expressly Agreed To Submit Disputes To Arbitration And Legal Action In The Dominican Republic.**

As already demonstrated, neither the three Addenda nor the "Amendment" are amendments to, part of, or incorporate the terms of the Purchase Agreement or the Protocol, both of which provide for venue in the Southern District of Florida. Instead, the "Amendment" is not even an enforceable contract[11] and, in any case, contains <u>no</u> terms or agreements relating to proper venue, and the three Addenda, on their face, specifically incorporate the terms of Contract 10375. Contract No. 10375 expressly provided: (i) for jurisdiction in the courts of Santo Domingo for legal actions; (ii) that the contract would be "governed by the laws of the Dominican Republic;" (iii) that disputes arising out of Contract 10375 be submitted to arbitration in the DR; and (iv) that the arbitration process "must be held in the Dominican Republic." (ECF No. 1-6 at pp. 14, 15). Each of the three Addenda expressly adopted the terms of Contract 10375. (ECF No. 1-8 at p. 4; 1-9 at p. 3; 1-10 at p. 4). Neither the Addenda nor Contract No. 10375 contained any agreement as to venue in this District or, indeed, in any District of the United States.

Courts have consistently upheld this type of forum selection clause, and the specific forum selection clause at issue here is not out of the norm in terms of forum selection clauses previously considered and approved by the Eleventh Circuit. *See Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1332 (11th Cir. 2011) ("This court has held, in the context of a forum-

---

[11] *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *9 (11th Cir. June 10, 2015).

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

selection clause which mandated a foreign venue, that a motion pursuant to Rule 12(b)(3) is the proper avenue for relief;" upholding the validity of that forum selection clause because mandatory forum-selection clauses are presumptively valid and enforceable); *Rucker v. Oasis Legal Finance, LLC*, 632 F.3d 1231, 1236 (11th Cir. 2011) (courts will enforce forum selection clauses absent evidence of fraud, overreaching or similar inequitable conduct).

Here, the forum selection clause in Contract 10375 was entered into by both INDRHI and Architectural, and expressly provided both parties with an opportunity to have their day in court. Plaintiffs may not now disregard this valid forum selection clause in order to have the Complaint considered here.

**2.    Venue Is Proper Only In The Dominican Republic And It Is Improper In The Southern District Of Florida Under the Federal Venue Statute.**

Venue for claims based on the three Addenda and the "Amendment" are also improper in the Southern District of Florida pursuant to the provisions of the federal venue statute governing civil actions against a foreign state. *See* 28 U.S.C. §1391(f). That subsection provides the exclusive list of venues for bringing a civil action against a foreign state or instrumentality in U.S. federal courts. *Id.* For Plaintiffs' claims, the only relevant venue option under §1391(f) is that a civil action may be brought against a foreign state in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. *See* 28 U.S.C. § 1391(f)(1).

Here, the Southern District of Florida played no part in the circumstances giving rise to Plaintiffs' claims, much less a "substantial part." The contracts at issue were all executed in the Dominican Republic, all of the contracted work was to be performed in the Dominican Republic, payment under the subject contracts was to be made in Dominican currency, and the three

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

Addenda (through their incorporation of Contract No. 10375) expressly provided that any actions arising under these agreements must be brought in the Dominican Republic. In fact, the only connection to the Southern District of Florida at all is that Plaintiffs are located here. This solitary, tenuous connection to the Southern District of Florida is not sufficient to constitute a "substantial part" of the events giving rise to Plaintiffs' claims. Consequently, venue is proper in the forum where the contractual agreements giving rise to Plaintiffs' claims were negotiated, executed, and to be performed – the Dominican Republic. See *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (holding in breach of contract action that venue is proper where acts or omissions by defendant "give rise to a claim," and that such acts include where the contract was executed, where the contract was intended to be performed, and where the contract was breached); *see also Anthony Sterling, M.D. v. Provident Life & Acc. Ins. Co.*, 519 F.Supp. 2d 1195, 1205 (M.D. Fla. 2007) (citing to *Jenkins* for what acts or omissions have a close enough nexus to constitute "giving rise to a claim" in a breach of contract context, and confirming that acts relevant to execution, performance, and breach of the contract at issue have the necessary close nexus with the cause of action to be considered in determining the proper venue).

Accordingly, because the Parties expressly agreed in Contract No. 10375 and the three Addenda that venue for any action arising under the subject contracts would be proper in the Dominican Republic, and because the Southern District of Florida failed to play a substantial or even large part in the circumstances giving rise to Plaintiffs' claims, Plaintiffs' claims arising from the three Addenda or the "Amendment" in the Southern District of Florida should be dismissed with prejudice for improper venue.

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

### C.   COUNT I SHOULD BE DISMISSED TO THE EXTENT THAT IT INCLUDES ANY CLAIM BASED ON THE SUPPOSED "AMENDMENT" BECAUSE SUCH A CLAIM FAILS TO STATE A CAUSE OF ACTION

In Count I of the Complaint, Plaintiffs attempt assert a cause of action against INDRHI for breach of what they refer to as "the Contract."  (ECF No. 1 at ¶54).  It is not entirely clear exactly how the Plaintiffs fit the "Amendment" into "the Contract" sued on in the Complaint. The document supposedly constituting this "Amendment" is Exhibit E to the Complaint (ECF No. 1-7), and Plaintiffs refer to it variously as the "Third Contract" (ECF No. 1 at p. 8), an "Agreement" (ECF No. 1 at ¶31), "a [N]ew Contract" (ECF No. 13 at 3; ECF No. 14 at 3), and as the "Amendment" to the Protocol and/or Purchase Agreement (Brief for Plaintiffs-Appellees at 9, 26, *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333 (11th Cir. June 10, 2015)).   But one thing is very clear: Plaintiffs consider it to be part of this action and they have already asserted it as a substantial part of their alleged damages.  *See* (ECF Nos.: 13 at pp. 3, 5, 6; 13-1; 14 at pp. 3, 5-7; 14-1; 15; and 16).  Therefore, the "Amendment" must be part of "the Contract" in Count I, on one of two bases: either (i) as an amendment to the Protocol or Purchase Agreement; or (ii) as a "stand-alone" enforceable contract.  But, as the Eleventh Circuit has concluded,[12] the "Amendment" is neither, and this is fatal to Count I.

A cursory review of the "Amendment" (ECF No. 1-7, Complaint Exhibit E) clearly shows that this document is nothing more than a letter dated March 15, 2006, from Defendant INDRHI to Plaintiff Architectural which attaching a chart of the cost breakdowns of two categories of work: the "Components of the Present Contract" totaling $38,323,315.00; and the "Components of Works in Amendment" totaling $61,983,929. The letter itself approves *only* the

---

[12] *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *9 (11th Cir. June 10, 2015).

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

first list, the "Components of the Present Contract" totaling $38,323,315.  It makes no reference to the "Components of Works in Amendment" totaling $61,983,929.00, and it certainly does not "approve" those components or their cost.  In addition, as the appellate court further concluded,[13] the supposed "Amendment" contains no terms or obligations, nor does not refer to or incorporate the terms of any *other* contract, including the Protocol and the Purchase Agreement. Finally, it is signed *only* by INDRHI.  Contrary to the allegations in the Complaint (ECF No. 1 at ¶31), it was *not* signed by "the parties."  Indeed, it does not even identify the supposed "parties."

On its face, the "Amendment" cannot be an amendment to either the Protocol or the Purchase Agreement. It is signed only by INDRHI, and those agreements are very clear about the requirements for amendments: both expressly require that any amendments must be signed by all the parties to those agreements, that is, by Sun Land, Architectural and INDRHI. Therefore, by the stated terms of the Protocol and the Purchase Agreement, the "Amendment" cannot be an amendment to either agreement and thus cannot be included in Plaintiffs' definition of "the Contract" as an amendment to those agreements.  *See* ECF No. 1 at ¶23.

Nor, as the appellate court concluded,[14] can the "Amendment" be a "stand-alone" agreement between Sun Land, Architectural or INDRHI. Again, a simple reading of the "Amendment" demonstrates that it lacks all of the elements necessary for an enforceable contract under Florida law. *See* ECF No. 1-7.  In order to sufficiently state a cause of action for breach of contract under Florida law a plaintiff must at least establish the existence of a valid contract. *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F.Supp.2d 1325, 1346 (S.D. Fla. 2010);

---

[13] *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *9 (11th Cir. June 10, 2015).

[14] *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *9 (11th Cir. June 10, 2015).

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

*Murciano v. Garcia*, 958 So. 2d 423, 423-24 (Fla. 3d DCA 2007); *Abbott Lab., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000).  Florida law clearly holds that to allege the existence of a valid contract, a plaintiff must show: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Pineda v. PRC, LLC*, 2011 WL 3022564, at *4 (S.D. Fla. July 22, 2011); *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009); *St. Joe Corp. v. McIver,* 875 So. 2d 375, 381 (Fla. 2004). Here, the document supposedly constituting the "Amendment" is nothing more than a letter, signed by one party, that contains no specific reference to the "Amendment."  It contains no terms or obligations, nor does it refer to or incorporate the terms of any other contract. These deficiencies are fatal to any action based in whole or in part on the "Amendment." Simply put, the "Amendment," no matter how Plaintiffs characterize it, is not a valid enforceable written contract under Florida law,[15] and as a result, Plaintiffs fail to establish a cause of action against Defendants for breach of contract the "Amendment."

Finally, it should be noted that this Court has no subject matter jurisdiction over any claims based on or arising from the "Amendment" for the reasons already stated in Section B of this Motion.  Since the "Amendment" neither contains any terms or obligations nor incorporates the terms and obligations of any other agreement, there is no express or implied waiver of sovereign immunity by INDRHI with regard to it.  Further, without any terms or obligations, or any other indicia of an enforceable contract, it cannot be held to be "commercial activity" on the part of INDRHI.  For this reason as well, all claims based upon the supposed "Amendment" should be dismissed.

---

[15] Again, the Eleventh Circuit reached the same conclusion regarding the "Amendment." *See Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2015 WL 3609333, at *9 (11th Cir. June 10, 2015).

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

Accordingly, Plaintiffs' claim for Breach of Contract should be dismissed with prejudice insofar as it includes the "Amendment" or is based upon or arises from alleged breaches of the "Amendment."

### D.   COUNT II (UNJUST ENRICHMENT) FAILS TO STATE A VALID CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED.

As an "alternative to Count I (Breach of Contract)" (ECF No. 1 at ¶59), Plaintiff Architectural alone attempts to allege a cause of action in Count II for unjust enrichment against both Defendants. The basis of Architectural's unjust enrichment claim is that it allegedly performed work on the Azua II Project, that it "conferred a benefit" on the Defendants by supposedly "completing work on Azua II,"[16] and that the Defendants accepted and retained this supposed "benefit" but only paid for part of it. Architectural alleges that it is inequitable for Defendants to not pay its unpaid invoices for this work, and expressly assert that the Defendants owe payment to Architectural "under the Protocol" (ECF No. 1 at ¶67) and that it is "entitled to recover all reasonable attorney fees and costs incurred *in enforcing the Protocol*" (ECF No. 1 at ¶68; emphasis added).

In Count II Architectural is plainly suing under the Protocol. This is made expressly clear from its own references to the Protocol in Paragraphs 67 and 68 as its basis for relief. INDRHI notes that Architectural considers the three Addenda and the "Amendment" to be amendments to the Protocol (ECF No. 1, at ¶¶31, 37, 39 and 40). Therefore, any work supposedly performed under those documents would, according to Architectural, be included in the Protocol and form

---

[16] Never hesitant to contradict themselves, Plaintiffs make this claim in ¶62 even though they allege only six Paragraphs earlier, in ¶56, that the contract was terminated by the Defendants "when only 10% of the initial budget design and construction work contemplated in the Protocol was completed."

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

part of the basis of Count II.   Accordingly, INDRHI repeats and incorporates here two of its earlier arguments presented in this Motion: first, those documents are not, on their face, amendments to or part of the Protocol; and second, that this Court lacks subject matter jurisdiction over any claims arising from work allegedly done under those documents because INDRHI is entitled to sovereign immunity as to such claims.

Turning to the validity of the entirety of Count II, by specifically referring in Count II to money due "under the Protocol" (ECF No. 1, at ¶67), and by characterizing Count II as an effort at "enforcing the Protocol" (ECF No. 1, at ¶68), Architectural has failed to assert a valid claim for unjust enrichment.

The elements of an unjust enrichment claim are: a benefit conferred upon a defendant by the plaintiff; the defendant's awareness of that benefit; and the defendant's acceptance of that benefit under circumstances that make non-payment for the benefit inequitable. *Wilson v. EverBank, N.A.*, 2015 WL 265648, at *8 (S.D. Fla. January 6, 2015); *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241-42 n.4 (Fla. 2004).   But under Florida law the equitable claim of unjust enrichment presumes that a contract concerning the same subject matter does *not* exist.   If such a contract *does* exist, then a claim for unjust enrichment is precluded by that sole fact alone. *Id.*; *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008).   *See also 1021018 Alberta Ltd. v. Netpaying, Inc.*, 2011 WL 1103635, at *5 (M.D. Fla. March 24, 2011) (Florida courts have held that "a plaintiff cannot pursue a … claim for unjust enrichment if an express contract exists concerning the same subject matter."); *Zarrella v. Pac. Life Ins. Co.*, 755 F.Supp. 2d 1218, 1227 (S.D. Fla. 2010) (same).

Thus, under Florida law, a claim for unjust enrichment cannot validly allege the existence of a valid contract concerning the same subject matter.   But that is exactly what Architectural has

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

done in Count II.  Here, Architectural not only expressly includes the Protocol in Count II (ECF No. 1 at ¶¶67, 68), it also incorporates the allegations in the Complaint that expressly allege that a valid contract existed between it and the Defendants (ECF No. 1, at ¶60).[17]  There cannot, of course, be any question that these contracts alleged in Count II concern the same subject matter referred to in Count II – work on the Azua II Project (as alleged in Count II at ¶62). Therefore Count II fails to state a cause of action for unjust enrichment because that Count itself alleges the existence of a valid contract regarding the same subject matter.

Further, even if Architectural had not based Count II on the Protocol, it still is not permitted to plead unjust enrichment "[a]s an alternative to Count I (Breach of Contract)."  ECF No. 1, at ¶59.  A claim for unjust enrichment is based on the presumption that there is no valid contract between the parties.  But Architectural's claim in Count I rests precisely on the claim that a valid contract between it and INDRHI *does* exist. Such alternative pleading is improper. "While Plaintiffs are entitled to plead in the alternative, they cannot dispute the authenticity of documents they submit to the Court for consideration and which are fundamental to their claims." *Wilson,* 2015 WL 265648, at *9.  Further, in *Degutis v. Fin. Freedom, LLC,* 978 F.Supp.2d 1243 (M.D. Fla. 2013) the court considered a claim for unjust enrichment claim pled in the alternative to a breach of contract claim in the same complaint.  The court held that the alternative claim for unjust enrichment had to be dismissed:

> In this case, it is undisputed by Plaintiff that an express mortgage contracts exists between Plaintiff and the Defendants. Even though Plaintiff argues that it is alleging the unjust enrichment claim in the alternative, ... Plaintiff is not alleging that the contract is invalid. [Because] Plaintiff does not contest that there was a valid mortgage contract between the parties[,] Plaintiff's claim for unjust

---

[17]  Incorporating ¶¶16–18 regarding the existence of the Purchase Agreement between Architectural and the Defendants, and ¶23 regarding the existence of the Protocol between the same parties.

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

enrichment fails.

*Id.* at 1266.  *See also Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.,* 789 F.Supp.2d 1311, 1317 (S.D. Fla. 2011) ("As there is a valid express contract that no party challenges, Plaintiff may not recover under unjust enrichment, and may not assert it as an alternative claim under Federal Rule 18.").

Accordingly, for these reasons Count II fails to state a claim upon which relief can be granted and should be dismissed.

### E.   PLAINTIFF ARCHITECTURAL'S DEMAND FOR ATTORNEYS' FEES AND COSTS IN COUNT II IS IMPROPER UNDER FLORIDA LAW AND SHOULD BE STRICKEN.

Finally, both Defendants, pursuant to Rule 12(f), Fed. R. Civ. P., move to strike Plaintiff Architectural's improper demands for attorneys' fees and costs contained in Count II of the Complaint. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (stating that for choice of law purposes, generally the "availability of attorney's fees should be determined under the state law which also governs the underlying claim"); *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311–12 (11th Cir. 2000) (holding Florida statute which allowed an insured or named beneficiary under an insurance policy to recover attorney fees upon judgment in insured's favor was substantive for Erie purposes).   "Under Florida law, a party is not entitled to recover attorney's fees unless there is a statute that permits it, or unless there is a contract which permits it." *Shibata, M.D.. v. Lim*, 133 F.Supp. 2d 1311, 1320 (M.D. Fla. 2000) (citing to *Plapinger v. Eastern States Properties Realty, Corp.,* 716 So. 2d 315 (Fla. 5th DCA 1998)).   Count II, as a claim for Unjust Enrichment, cannot be based on a written contract. *Wilson*, 2015 WL 265648, at *8 (stating that a claim for unjust enrichment is a quasi-contract claim, not based on an express

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

contract).   Therefore, it is not permitted on that basis, and there is no Florida statute that authorizes attorneys' fees in this case.

WHEREFORE, Defendant INDRHI respectfully requests that this Court enter judgment in its favor and dismiss with prejudice Counts I and II of the Complaint for lack of subject matter jurisdiction and to dismiss Count II for failure to state a valid cause of action; and both Defendants respectfully request that this Court strike Plaintiff Architectural's request for attorneys' fee in Count II; and further, that this Court award the Defendants any additional relief as deemed appropriate.

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Attorneys for Defendants*
701 Brickell Avenue, Suite 3000
Miami, FL  33131
Telephone: (305) 374-8500
Fax:  (305) 789-7799

By: s/ Eduardo A. Ramos
Gregory A. Baldwin
Florida Bar No. 527394
gregory.baldwin@hklaw.com
Eduardo A. Ramos
Florida Bar No. 189944
eduardo.ramos@hklaw.com
Ilene L. Pabian
Florida Bar No. 62499
ilene.pabian@hklaw.com
Da'Morus A. Cohen
Florida Bar No. 86446
damorus.cohen@hklaw.com

CASE NO. 13-20544-CIV-MOORE
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

**I hereby certify that on July 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.**

By:     s/ Gregory A. Baldwin
        Gregory A. Baldwin

**CASE NO. 13-20544-CIV-MOORE**
*Defendant INDRHI's Motion to Dismiss Complaint*
*Defendants' Motion to Strike Demand for Attorney's Fees*

<u>S</u>ERVICE <u>L</u>IST

Tucker H. Byrd, Esq.
Scottie N. McPherson, Esq.
Tucker H. Byrd & Associates, P.A.
180 North Park Avenue, Suite 2A
Orlando, Florida 32789
*Via CM/ECF*

Carlos A. Souffront, Esq.
GrayRobinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
*Via CM/ECF*
        *Attorneys for Plaintiffs*

#36335065_v1