UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-20544-KMM

ARCHITECTURAL INGENIERIA
SIGLO XXI, LLC, a Florida limited
liability company, and SUN LAND &
RGITC LLC, f/k/a SUN LAND & RGITC, CO.,
a Florida limited liability company,

    Plaintiffs,

v.

DOMINICAN REPUBLIC, a foreign state,
and INSTITUTO NACIONAL DE
RECURSOS HIDRÁULICOS,
a foreign government agency,

    Defendants.
_____/

## **ORDER**

This cause is before the Court on Defendants' Motion to Vacate Default Judgment and Dominican Republic's Motion to Dismiss Complaint (ECF No. 64), Defendant Instituto Nacional de Recursos Hidráulicos's ("INDRHI") Motion to Dismiss Complaint and Defendants' Motion to Strike (ECF No. 68), and Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 75). For the reasons developed below, the Defendants' motions are granted, except INDRHI's motion to dismiss with prejudice Count II of the complaint, which is granted in part, and the Defendants' motion to strike, which is denied as moot, while the Plaintiffs' motion to amend the complaint is granted in part.

**I.     BACKGROUND**

This is an action brought by two Florida companies against a foreign nation and one of its instrumentalities under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611 (the "FSIA" or "Act").[1]  Plaintiffs Architectural Ingenieria Siglo XXI, LLC ("Architectural") and Sun Land & RGITC LLC ("Sun Land," and together with Architectural, the "Plaintiffs") sued Defendants Dominican Republic and INDRHI (together with the Dominican Republic, the "Defendants") for breach of contract and unjust enrichment relating to an irrigation project in the Dominican Republic.

**A.     The Azua II Project**

In 2000, INDRHI proposed the construction of an irrigation project in the Dominican Province of Azua.  This project, commonly referred to as Azua II, was intended to provide irrigation to an area of 3000 hectares.  INDRHI and the Secretario Tecnico de la Presidencia de la República Dominicana ("STP") invited contractors to bid on the project.  Each bid had to be for a turnkey project that, among other things, provided for the financing necessary to complete the project.  To arrange the financing component of its bid, Architectural asked Sun Land to participate.  Architectural's $51.8 million bid prevailed in the end.

In March 2004, Architectural received word from INDRHI to begin the Azua II project, and it did so.  Over the next seven years, Architectural worked on the irrigation project as INDRHI directed.

In March 2006, INDRHI sent a letter to Architectural approving an itemized list of the "Components of Works in New Contract" that updated and expanded the scope of the Azua II project.

---

[1] Unless otherwise stated, the facts set forth here are as recounted in *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329 (11th Cir. 2015).

Two years later, INDRHI sent a letter to the legal counsel for the Dominican Executive Branch. In this letter, the agency described Architectural's performance as "satisfactory, fully complying with their obligations as principal contractor, despite the lack of payment of several invoices." The agency also noted that Sun Land's work had been "executed without any problems."

Even so, in February and June 2009, as well as in October 2010, INDRHI wrote to Sun Land and Architectural attempting to terminate their work on the Azua II project. Ultimately, a Brazilian company was brought in to complete the project.

### B.     The Plaintiffs Sue in U.S. District Court

As a result, Sun Land and Architectural filed this action against the Dominican Republic and INDRHI.[2] The two-count complaint asserts claims for breach of contract (Count I) and unjust enrichment (Count II). The Plaintiffs allege that they "diligently performed the [C]ontract until the Defendants unjustifiably and unilaterally terminated the contract and failed to pay Architectural the agreed upon price for work completed." Compl. ¶ 1. As relief, Sun Land and Architectural seek compensatory damages, pre- and post-judgment interest, and attorney's fees and costs. *Id*. ¶ 68.

The Plaintiffs' breach of contract action is based on several documents, each dated at a different point over a six-year period, which they refer to collectively as the "Contract." These documents are:

1.     <u>Purchase Agreement dated February 19, 2002</u>:  An agreement between Sun Land, INDRHI, and STP in which INDRHI agreed to buy from Sun Land certain products and services for the design and construction of the Azua II project, and STP agreed to obtain financing

---

[2] This case was initially assigned to the Honorable Cecilia M. Altonaga, United States District Judge, before she recused herself. On June 19, 2013, the case was reassigned to the Honorable K. Michael Moore, Chief United States District Judge.

through Sun Land to pay for those products and services. Under the Purchase Agreement, INDRHI and STP waived sovereign immunity, and the parties agreed to jurisdiction in U.S. federal court in Miami, Florida, in connection with any lawsuit relating to "this agreement or [financing] notes."

2. <u>Contract No. 10375 dated March 7, 2002</u>: An agreement between INDRHI and Architectural for the study, design, and construction of the Azua II project.[3] Under Contract No. 10375, INDRHI did not waive sovereign immunity, nor did the parties agree to jurisdiction in U.S. federal court. Instead, Contract No. 10375 provided for jurisdiction in the courts of Santo Domingo, application of Dominican law, and arbitration in the Dominican Republic.

3. <u>Protocol dated February 13, 2004</u>: An agreement between Sun Land, Architectural, and INDRHI for $42.2 million establishing the procedures to be followed on the Azua II project. Under the Protocol, INDRHI waived sovereign immunity, and the parties agreed to jurisdiction in U.S. federal court in Miami, Florida, in connection with any lawsuit relating to "this PROTOCOL or any of the transactions contemplated thereby."

4. <u>Addenda Nos. 1, 2 and 3 (individually, an "Addendum," and collectively, the "Addenda") of November 6, 2007, January 24, 2008, and July 15, 2008</u>: Three separate agreements, each between INDRHI and Architectural, for repair work in the Azua region. Specifically, Addendum No. 1 was for structural repairs to an irrigation canal in the Azua II region, while Addenda nos. 2 and 3 were for the repair of damage caused by two tropical storms to the canal system in the Azua II region. Under the Addenda, INDRHI did not waive sovereign immunity, nor did the parties submit to jurisdiction in U.S. federal court.

---

[3] The Plaintiffs do not allege that Contract No. 10375 is part of the "Contract." Still, Contract No. 10375 is included here because its terms were incorporated into Addenda nos. 1, 2 and 3.

5. <u>The Amendment</u>: The March 2006 letter from INDRHI to Architectural referenced above updating and expanding the scope of the Azua II project.[4]

### C. This Court Enters Default Judgment Against the Defendants

The Dominican Republic and INDRHI, however, did not timely answer the complaint, and default judgment was entered in favor of Sun Land and Architectural for more than $50 million. Ten days later, the Defendants moved under Rule 60(b)(1) to vacate the default judgment for excusable neglect. This Court denied their motion, and they timely appealed. While that appeal was pending, the Dominican Republic moved under Rule 60(b)(4) to vacate the default judgment for voidness. On reconsideration, this Court denied the motion on the merits, finding that the foreign nation had waived its sovereign immunity. The Dominican Republic timely appealed that ruling as well.

### D. The Appeal

On appeal, the Court of Appeals for the Eleventh Circuit concluded that this Court erred by denying the Dominican Republic's Rule 60(b)(4) motion. It also determined that this Court abused its discretion by denying the Defendants' Rule 60(b)(1) motion. The Eleventh Circuit reversed this Court's orders and remanded the case for further proceedings consistent with its opinion.

## II. DISCUSSION

On remand, the parties seek various forms of relief. Both the Dominican Republic and INDRHI first move to vacate the default judgment. They also seek to dismiss with prejudice all claims against them based on the Addenda and Amendment. INDRHI, moreover, seeks to

---

[4] The Plaintiffs have characterized this letter as the "Third Contract," an "Agreement," a "New Contract," or an "Amendment," either to the Protocol or Purchase Agreement. For ease of reference, the Court will refer to this document as the "Amendment."

dismiss Count II for failure to state a valid claim for unjust enrichment. In addition, the Dominican Republic moves to dismiss without prejudice all claims against it based on the Protocol and Purchase Agreement, with leave given to the Plaintiffs to file an amended complaint asserting any non-Addenda- and Amendment-based claims. Lastly, the Defendants move to strike Architectural's request for attorney's fees and costs in Count II.

Architectural and Sun Land, for their part, move to amend the complaint. In doing so, they ask to provide greater specificity on how the Addenda and Amendment are integral parts of the Contract. Architectural and Sun Land also wish to remove the request for attorney's fees and costs from the unjust enrichment claim in Count II.

The Court will address each motion in turn.

### A.   The Defendants' Motion to Vacate the Default Judgment Is Granted

The Dominican Republic and INDRHI first move to vacate the default judgment entered against them. In its decision, the Eleventh Circuit mandated that this Court vacate for voidness under Rule 60(b)(4) the default judgment against the foreign nation, and vacate for excusable neglect under Rule 60(b)(1) the default judgment against both the Defendants. Accordingly, the Court's entry of default judgment against the Dominican Republic and INDRHI is vacated.

### B.   The Defendants' Motions to Dismiss With Prejudice All Claims Based on the Addenda and Amendment Are Granted

The Dominican Republic and INDRHI next seek to dismiss with prejudice all claims against them based on the Addenda and Amendment. While the parties do not dispute, and the Eleventh Circuit has definitively ruled, that this Court has subject matter jurisdiction over any claims against the Defendants based on the Protocol and Purchase Agreement, the Defendants

challenge this Court's jurisdiction over any claims based on the Addenda and Amendment.[5] The Defendants argue that they are not amenable to suit in the United States for their alleged breach of those agreements because they are entitled to sovereign immunity under the FSIA.

Sun Land and Architectural, on the other hand, argue that this Court has subject matter jurisdiction over their Addenda- and Amendment-based claims because of the Defendants' waivers of sovereign immunity in "the [C]ontract (herein later described as the [Protocol], Purchase Agreement, and addenda and amendments thereto)," as well as their commercial activity within the United States or its extraterritorial commercial activity that had a direct effect within the United States.

As shown below, this Court does not have subject matter jurisdiction over any claim based on the Defendants' alleged breach of the Addenda or Amendment. The Dominican Republic and INDRHI are foreign states immune from suit in this country under the FSIA, and none of the enumerated statutory exceptions to sovereign immunity apply here. For those reasons, any claim arising from the Addenda and Amendment is dismissed with prejudice.

        1.    *The Defendants Are Foreign States Entitled to a Presumption of Sovereign Immunity Under the FSIA*

The FSIA is the sole "basis for obtaining jurisdiction over a foreign state," *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989), because the Act endows a foreign state with presumptive immunity to suits in U.S. courts, unless a statutory exception applies, *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). If none of the exceptions apply, then the district court lacks subject matter jurisdiction over the plaintiff's claims. *Butler v. Sukhoi*

---

[5] INDRHI goes even further and argues that dismissal with prejudice is warranted because venue in this district is improper and Architectural fails to state a valid unjust enrichment claim. In the interest of judicial economy, however, because any claim based on the Addenda and Amendment must be dismissed with prejudice for lack of subject matter jurisdiction, the Court need not and will not address whether those claims should also be dismissed for improper venue and failure to state a claim.

*Co.*, 579 F.3d 1307, 1312 (11th Cir. 2009). Conversely, if an exception does apply, the district court has jurisdiction. *Id*. The burden is on the plaintiff to show that a statutory exception applies. *Id*. at 1313.

There is no question that the Dominican Republic and INDRHI are foreign states under the FSIA. The term "foreign state" includes an "agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). Neither party disputes that the Dominican Republic is a foreign state, and as the Eleventh Circuit determined and the Plaintiffs concede, INDRHI is an instrumentality of the Dominican Republic, a separate legal entity entitled to sovereign immunity in its own right. The Defendants are thus foreign sovereigns presumptively immune from suit in this country, unless a statutory exception to sovereign immunity applies.

### 2. *None of the Statutory Exceptions to Sovereign Immunity Apply*

Two statutory exceptions to sovereign immunity are implicated here: the waiver exception and the "commercial activity" exception. *See* 28 U.S.C. § 1605(a)(1)–(2). Under the FSIA, a foreign state may waive its right to immunity either explicitly or implicitly. *Id*. § 1605(a). An explicit waiver occurs only where the foreign state's intent to do so is "clear, ambiguous, and unmistakable." *Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1292 (11th Cir. 1999). An implicit waiver, meanwhile, is a narrow exception that generally applies only if "the foreign state reveals its intent to waive its immunity by (1) agreeing to arbitration in another country, (2) agreeing that the law of a particular country should govern a contract, or (3) filing a responsive pleading in an action without raising the defense of sovereign immunity." *Calzadilla v. Banco Latino Internacional*, 413 F.3d 1285, 1287 (11th Cir. 2005).

A foreign state is also not immune from the jurisdiction of a U.S. court where "the action is based upon a commercial activity carried on in the United States by the foreign state." *See* 28 U.S.C. § 1605(a)(2). The Act defines such activity as "commercial activity carried on by such

8

state and having substantial contact with the United States," and provides that a commercial activity may be "either a regular course of commercial conduct or a particular commercial transaction or act," the "commercial character of [which] shall be determined by reference to" its "nature," rather than its "purpose." 28 U.S.C. § 1603(d).

Neither exception applies here. First, the Dominican Republic and INDRHI did not explicitly or implicitly waive sovereign immunity under the Addenda and Amendment. Unlike the Purchase Agreement and Protocol, which contain express waivers of sovereign immunity, the Addenda and Amendment do not, either on their own terms or by reference to the Purchase Agreement or Protocol. Nor is there any indication that the Dominican Republic and INDRHI implicitly waived immunity. Nowhere in the Addenda or Amendment did they agree to arbitration in the United States; agree that the law of the United States should govern those documents; or respond in any action, including this one, without raising the defense of sovereign immunity.

Second, the Addenda and Amendment do not constitute "commercial activity" under the FSIA. None of the work agreed to in those documents is to be performed in the United States. The only real connection to this country lies in the Addenda, where Architectural, the party to be paid by INDRHI, is a citizen of the United States. But even then payment was to be made in Dominican pesos, and there is no indication that payment was to be made in the United States. In any case, payment in the United States is not an act that "causes a direct effect in the United States" sufficient to invoke the "commercial activity" exception of the FSIA. *See, e.g.*, *Araya-Solorzano v. Gov't of Republic of Nicaragua*, 562 F. App'x 901, 904–06 (11th Cir. 2014).

Lastly, as the Eleventh Circuit ruled, the "Amendment" is not an amendment to "either the purchase agreement or the protocol, the documents memorializing the Azua II project."

9

*Architectural Ingenieria*, 788 F.3d at 1341.  The Amendment was "signed only by INDRHI, not by 'the parties' as Sun Land and Architectural alleged," and it "contained no terms or obligations, nor did it incorporate the terms of any other contract." *Id*.  As a result, it was "neither an amendment of a document that relates to the Azua II project [which contained a waiver of sovereign immunity] nor a stand-alone agreement."[6] *Id*.  Indeed, the only documents attached to the complaint that relate to the Azua II project are the Protocol and Purchase Agreement.  *Id*.  The Amendment, therefore, has no effect on the Defendants' sovereign immunity.

In short, because the Dominican Republic and INDRHI are entitled to sovereign immunity under the FSIA because they did not explicitly or implicitly waive that immunity, or conduct commercial activity causing a direct effect in the United States, any claim based on the Addenda or Amendment is dismissed with prejudice.

      **C.**      **INDRHI's Motion to Dismiss With Prejudice Count II for Failure to State an Unjust Enrichment Claim Is Granted in Part**

INDRHI moves on its own accord to dismiss with prejudice Architectural's unjust enrichment claim.  To state a claim for unjust enrichment, the plaintiff must show (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's awareness of that benefit, and (3) the defendant's acceptance of that benefit under circumstances that make non-payment for the benefit inequitable.  *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1220 (S.D. Fla. 2015).  A plaintiff, however, cannot plead unjust enrichment while alleging the existence of a valid contract concerning the same subject matter.  *See State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 F. App'x 714, 722 (11th Cir. 2011) *rev'd in part on other grounds by State Farm Mut. Auto. Ins. Co. v. Williams*, 563 F. App'x 665 (11th Cir. 2014).  But that is

---

[6] This is important because the only way the Amendment can be part of the Contract is if it is an amendment to the Protocol or Purchase Agreement, or if it is a stand-alone enforceable contract.

precisely what Architectural does here.  The basis of Architectural's unjust enrichment claim is that it conferred a benefit on the Defendants and INDRHI by performing work on Azua II project, the Defendants accepted and retained this benefit while only paying for part of it, and non-payment for the benefit would be inequitable under the circumstances.  At the same time, Architectural expressly asserts that the Defendants owe payment "under the Protocol."  In that way, Architectural is plainly suing for unjust enrichment under the Protocol—an untenable position as a matter of law.  Count II thus fails to state a cause of action for unjust enrichment.[7]

That being said, to the extent Architectural performed work for which it was not paid and that was not contemplated by a valid contract touching on the same subject, Count II is dismissed without prejudice.

### D. The Dominican Republic's Motion to Dismiss Without Prejudice All Claims Against It Based on the Protocol and Purchase Agreement is Granted

The Dominican Republic also moves to dismiss without prejudice all remaining claims so that Architectural and Sun Land can amend the complaint to exclude those claims over which this Court lacks subject matter jurisdiction.  The foreign nation concedes that doing so is not provided for in the Eleventh Circuit's mandate.  Nevertheless, it reasons that this relief would promote judicial economy because the Contract alleged in the complaint expressly includes the Addenda and Amendment, and it makes little sense to require the Defendants to answer allegations over which this Court lacks subject matter jurisdiction.

The Court agrees.  All non-Addenda- and Amendment-based claims are therefore dismissed without prejudice.  Architectural and Sun Land have leave to file an amended complaint asserting any cause of action not barred by the Eleventh Circuit's decision.

---

[7] The Court's dismissal with prejudice of Architectural's unjust enrichment claim renders moot the Defendants' motion to strike, and the Plaintiffs' motion to remove, the request for attorney's fees and costs in Count II.

11

### E.     The Plaintiffs' Motion to Amend the Complaint Is Granted in Part

Finally, in response to the Defendants' motions, Architectural and Sun Land ask for leave to amend the complaint. They ask to provide greater specificity on how the Addenda and Amendment are integral parts of the Contract.[8] The Defendants oppose this application, arguing that this proposed change is futile.

A court should freely give a party leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). But allowing a complaint to be amended is not mandatory, and courts in this circuit have routinely refused to grant leave to amend where the proposed amendment would be futile. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). A proposed amended complaint is futile where it includes a claim barred by the law of the case doctrine in light of a prior ruling or adjudication by an appellate court. *See, e.g., De Tenorio v. Lightsey*, 589 F.2d 911, 917 (5th Cir. 1979).

In the proposed amended complaint, the Plaintiffs now allege that when INDRHI was "incorporating additional components into the Contract," the parties met to discuss whether those "components" would be executed with the existing funding for the Project. This leads to the new companion allegation that "the work contemplated by 'the Amendment' was critical to the Project, was deemed part of the same Project . . ., was contemplated by the Purchase Agreement and Protocol, and was part of the Contract." The Plaintiffs also allege that "INDRHI amended the Contract [in each of the three Addenda] and requested Architectural to perform additional work on the Project . . . ." Lastly, the Plaintiffs allege that the Addenda "approved and itemized work to be done under the Contract for the Project, were transactions contemplated by the

---

[8] The Plaintiffs also wish to remove the request for attorney's fees and costs from the unjust enrichment claim in Count II. The Court's dismissal with prejudice of Count II, however, renders this request moot.

12

Purchase Agreement and Protocol, and were all deemed part of the same Project and Contract by the Plaintiffs and Defendants."

Despite these new allegations, any proposed amendment to the complaint aimed at showing the interrelation between the Addenda, Amendment, and Contract is futile because it is barred by the law of the case doctrine. Under that doctrine, an appellate court's findings of fact and conclusions of law are "generally binding in all subsequent proceedings in the same case in the [district] court or on a later appeal." *This That & the Other Gift and Tobacco, Inc. v. Cobb Cnty., Ga.*, 439 F.3d 1275, 1283 (11th Cir. 2006). In *Architectural Ingenieria*, the law of this case, the Eleventh Circuit decided that this Court has subject matter jurisdiction over claims arising from the Protocol and Purchase Agreement, but not over claims arising from the Addenda and Amendment. In doing so, the appellate court expressly stated that the Addenda and Amendment are not part of the Contract. The law of the case is thus clear, and the Plaintiffs' continued attempt to argue otherwise is futile. Accordingly, their request to amend the complaint on this point is denied.

Nevertheless, while the Court denies the Plaintiffs leave to amend the complaint to establish one overall contract between the parties, the Court grants the Plaintiffs leave to amend the complaint to assert any claim not barred by the Eleventh Circuit's decision.

### III. CONCLUSION

For the foregoing reasons, it is ordered and adjudged as follows:

1. The Defendants' Motion to Vacate Default Judgment and Dominican Republic's Motion to Dismiss Complaint (ECF No. 64) is granted. The default judgment entered against the Dominican Republic and INDRHI is vacated. Any claim asserted against the Dominican Republic based on the Addenda and Amendment is dismissed with prejudice for lack of subject matter jurisdiction. Any remaining claim against the Defendants is dismissed without prejudice,

13

with leave granted to the Plaintiffs to file an amended complaint by December 31, 2015, asserting any claim not barred by the Eleventh Circuit's decision.

2. Defendant INDRHI's Motion to Dismiss Complaint and Defendants' Motion to Strike (ECF No. 68) is granted in part. Any claim asserted against INDRHI based on the Addenda and Amendment is dismissed with prejudice for lack of subject matter jurisdiction. Count II of the complaint is dismissed without prejudice for failure to state a valid cause of action. The Defendants' motion to strike, as well as the Plaintiffs' motion to remove, the request for attorney's fees and costs in Count II are denied as moot.

3. The Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 75) is granted in part, and only to the extent the Plaintiffs seek to amend the complaint to assert claims not barred by the Eleventh Circuit's decision.

4. The Clerk of Court is instructed to reopen this case.

DONE AND ORDERED in Chambers at Miami, Florida, this  2nd  day of December, 2015.

    K. MICHAEL MOORE
    CHIEF UNITED STATES DISTRICT JUDGE

cc: Counsel of record