IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ARCHITECTURAL INGENIERIA SIGLO
XXI, LLC, a Florida limited liability
company, and SUN LAND & RGITC LLC
f/k/a SUN LAND & RGITC, CO., a Florida
limited liability company,

        Plaintiffs,

v.

                              CASE NO.: 1:13-cv-20544-Moore

DOMINICAN REPUBLIC, a foreign state,
and   INSTITUTO   NACIONAL   DE
RECURSOS HIDRAULICOS, a foreign
government agency,

        Defendants.

_____/

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, ARCHITECTURAL INGENIERIA SIGLO XXI, LLC ("AIS"), and SUN

LAND & RGITC LLC f/k/a SUN LAND & RGITC, CO. ("SUN LAND") (collectively,

"Plaintiffs"), pursuant to Federal Rule of Civil Procedure 54(b), move this Court to reconsider its

Order [Doc. 82] granting Defendants, the DOMINICAN REPUBLIC (the "DR") and

INSTITUTO NACIONAL DE RECURSOS HIDRÁULICOS' ("INDRHI") (collectively

"Defendants"), Motions to Dismiss, and state as follows:

**INTRODUCTION**

1.      On June 10, 2015, the Eleventh Circuit reversed this Court's orders denying

Defendants' motions to vacate the default judgment under Fed. R. Civ. P. 60(b)(1) and 60(b)(4)

and remanding the case for further proceedings. [Doc. 63.]

2.      On December 2, 2015, this Court granted Defendants' Motions to Dismiss and/or

Strike [Docs. 64 and 68], dismissing Plaintiffs' claims based upon the Addenda and the

Amendment (collectively, the "Addenda Claims") with prejudice for lack of subject matter

jurisdiction (the "Order"). [Doc. 82.]  In denying Plaintiffs' request to amend the Complaint to

establish one overall contract between the parties, the Court also dismissed, <u>without prejudice</u>,

Count II for unjust enrichment and all claims based upon the Protocol and Purchase Agreement.

[*Id.*][1]

3.      In the Order, the Court explained that the Eleventh Circuit's opinion required it to

rule that it lacked subject matter jurisdiction over the Addenda Claims.[2] [Doc. 82 at p. 13.]

However, even assuming that the Eleventh Circuit squarely decided the issue of subject matter

jurisdiction, which it did not, <u>it was improper for this Court to dismiss the Addenda Claims</u>.[3]

4.      Indeed, the Eleventh Circuit is clear that (a) the law of the case doctrine does not

apply if new and substantially different evidence is produced, and (b) plaintiffs have a right to

jurisdictional discovery before a claim may be dismissed for lack of subject matter jurisdiction.

5.      Overlooking the Eleventh Circuit precedent, the Order improperly dismissed the

Addenda Claims for lack of subject matter jurisdiction <u>without allowing Plaintiffs to engage in</u>

<u>jurisdictional discovery</u>.  Such discovery would have allowed Plaintiffs to produce evidence that

---

[1] The Court granted Plaintiffs leave to amend its Complaint by December 31, 2015.  [*Id*. at p. 14.]
Plaintiffs are prepared to file its Amended Complaint should the Court deny the instant Motion. As such,
simultaneous to the filing of this Motion, Plaintiffs filed a Motion for Extension of Time to File Amended
Complaint to allow the Court sufficient time to rule on the instant Motion.

[2] The Order states that the "law of the case" was that the Court lacked subject matter jurisdiction over the
Addenda Claims as to *both* INDRHI and the DR.  [Doc. 82 at p. 13.]  This is erroneous because the
Eleventh Circuit did not, and could not, make any subject matter jurisdiction findings as to INDRHI, as
INDRHI did not even argue on appeal that the default judgment should be vacated under Rule 60(b)(4)
for lack of subject matter jurisdiction. [Doc. 63 at p. 14.]

[3] Plaintiffs maintain that the Eleventh Circuit did not affirmatively hold that the Court lacked subject
matter jurisdiction over the Addenda Claims and that it did not require or direct this Court to dismiss
these claims.  [Doc. 63.]

is new and substantially different than the limited record that was considered on appeal, <u>rendering the law of the case doctrine inapplicable</u>.

6.      Accordingly, the Order contains clear error and results in manifest injustice to Plaintiffs.   As such, Plaintiffs respectfully request this Court to grant the Motion for Reconsideration and deny Defendants' Motions to Dismiss the Complaint.

<b><u>ARGUMENT</u></b>

<b>I.      <u>Legal Standard on a Motion for Reconsideration.</u></b>

7.      Under Federal Rule of Civil Procedure 54(b), this Court may revise an interlocutory order "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).  In the Eleventh Circuit, "there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).   For example, a district court may reconsider an interlocutory order based on "overlooked" arguments or issues of fact. *See Hudson v. Int'l Computer Negoations, Inc.*, 499 F.3d 1252, 1260-61 (11th Cir. 2007).  As set forth below, reconsideration of the Order is justified to correct clear error and prevent the manifest injustice that would result if Plaintiffs are denied the opportunity to prove their jurisdictional allegations.

<b>II.      <u>The Law of the Case Doctrine Does Not Apply if New and Substantially Different Evidence is Produced.</u></b>

8.      The Order makes clear that the Court dismissed the Addenda Claims based solely upon the law of the case doctrine, *i.e.*, the Eleventh Circuit's ruling to vacate the default judgment against Defendants.  Under this doctrine, the "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the

3

trial court or on a later appeal." *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir. 1990).  The law

of the case doctrine, however, bars consideration of "only those legal issues that were actually, or

by necessary implication, decided in the former proceeding. . . ." *In re Justice Oaks II, Ltd.,* 898

F.2d 1544, 1549 n. 3 (11th Cir. 1990).

> 9.      Even assuming that the Eleventh Circuit decided that this Court lacks subject
matter jurisdiction over the Addenda Claims, which Plaintiffs dispute, the law of the case
doctrine does not apply if "new and substantially different evidence is produced."[4]  *Oladeinde v.
City of Birmingham*, 230 F.3d 1275, 1288 (11th Cir. 2000); *see also This That & the Other Gift
& Tobacco, Inc. v. Cobb County*, 439 F.3d 1275, 1283 (11th Cir. 2006); *Fox v. Prudential Fin.*,
178 Fed. Appx. 915, 919 (11th Cir. 2006).   Likewise, the law of the case doctrine does not apply
where, as is the case here, a prior decision did not consider the merits of the case or was based
upon a preliminary and undeveloped record.  *See Oladeinde*, 230 F.3d at 1289 ("because the
complaint did not contain all of the relevant facts that were introduced both at summary
judgment and at trial, this court's first opinion affirming the denial of qualified immunity did not
establish the law of the case"); *United States v. Hatter*, 532 U.S. 557, 560 (2001) (the law of the
case doctrine does not apply when the "case does not involve a previous consideration of the
merits.").[5]

---

[4] Even in the absence of new evidence, the law of the case doctrine "applies with less force to a court's determination of subject matter jurisdiction and questions of jurisdiction may be revisited notwithstanding a court's earlier finding*." Carling v. Peters*, 2013 U.S. Dist. LEXIS 42038, *16-19 (S.D.N.Y. 2013). *See also, Hamilton v. Dep't of Labor*, 2006 U.S. Dist. LEXIS 12818, *3 (S.D.N.Y. 2006) ("[I]rrespective of any implicit findings of jurisdiction, even by controlling courts, subject matter jurisdiction may be reviewed at any time during an action.").

[5] The Eleventh Circuit went to great lengths to make clear that its decision on subject matter jurisdiction was based solely on its review of the limited record on appeal and solely for the purposes of deciding whether to affirm the default judgment. [Doc. 63 at p. 20 ("we cannot conclude on the current record") and p. 21 ("based solely on our review of the Amendment.")] Thus, this Court was not bound by the law of the case doctrine to dismiss Plaintiffs' Addenda Claims for lack of subject matter jurisdiction.

10.     As set forth below, Plaintiffs have the right to jurisdictional discovery before a court may dismiss for lack of subject matter jurisdiction.  If such discovery produces "new and substantially different evidence" than the limited record presented to the Eleventh Circuit, then this Court would not be bound by any prior rulings on subject matter jurisdiction.  *Oladeinde*, 230 F.3d at 1288.  By dismissing the Addenda Claims without allowing Plaintiffs the opportunity to produce "new and substantially different evidence," the Order is clearly erroneous and results in manifest injustice.

**III.     Plaintiffs were Entitled to Jurisdictional Discovery Before the Court Dismissed the Addenda Claims for Lack of Subject Matter Jurisdiction.**

11.     Upon remand to this Court, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[6] [Docs. 64 and 68.]  In considering Defendants' motions, the Court was required to accept as true all factual allegations in the Complaint and to merely "look and see" if Plaintiffs sufficiently alleged a basis for subject matter jurisdiction.  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).[7]  Instead of applying the required presumption of truthfulness, the Court evaluated the merits of Plaintiffs' jurisdictional claims and made factual findings based solely upon the pleadings and opinion of

---

[6] Because the DR erroneously claims that dismissal for lack of subject matter jurisdiction was mandated by the appellate court, the DR does not even refer to Rule 12(b)(1) in its Motion to Dismiss. [Doc. 64.] However, Rule 12(b)(1) is the only mechanism to seek dismissal of an action for lack of subject matter jurisdiction.

[7] Because Defendants did not present any factual evidence outside of the pleadings to contest subject matter jurisdiction, their arguments constitute "facial attacks" on the Complaint. *Lawrence v. Dunbar*, 919 F.2d at 1528-29. When presented with a facial attack, courts analyze the motion under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), meaning that it must accept all factual allegations as true and draw all inferences derived from those facts in the light most favorable to the plaintiff. *Id*; *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).

the Eleventh Circuit.[8]  This was clear error.  To the extent there remained a question as to subject matter jurisdiction after taking Plaintiffs' allegations as true, the Eleventh Circuit mandates the Court to allow Plaintiffs to conduct jurisdictional discovery before dismissing the Addenda Claims.  *See Eaton v. Dorchester Development, Inc*., 692 F.2d 727, 730 & n.7 (11th Cir. 1982).

12.     In *Eaton*, the Eleventh Circuit reversed as premature a dismissal for lack of subject matter jurisdiction prior to discovery, stating that "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." *Id*. at 731 (*quoting Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980)).  In so ruling, the Eleventh Circuit held that "the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction." *Id*.

13.     Since *Eaton*, the Eleventh Circuit has established a long line of cases holding that when subject matter jurisdiction is in dispute, plaintiffs have the right to engage in discovery to develop facts to support their jurisdictional claims prior to dismissal.  *See Majd-Pour v. Georgiana Cmty. Hosp., Inc*., 724 F.2d 901, 903 (11th Cir. 1984) ("the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"); *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1144 (S.D. Fla. 2007) ("It is well-accepted that a qualified right to jurisdictional discovery exists."); *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 2008 U.S. Dist. LEXIS 30952, *3 (S.D. Fla. 2008) ("jurisdictional discovery is highly favored" before ruling upon jurisdictional challenges); *Taylor v. Gazolio, Inc.*, 2012 U.S. Dist. LEXIS 120353, *6 (S.D. Fla. 2012) (finding that "Plaintiff is entitled to limited discovery

---

[8] It must be emphasized that the only issue on appeal was whether this Court had properly denied the motions to vacate under Fed. R. Civ. P. 60(b)(1) and 60(b)(4). The Eleventh Circuit did not consider whether Plaintiffs' sufficiently alleged subject matter jurisdiction to withstand a motion to dismiss under Rule 12(b)(1). [Doc. 63.]

on the facts supporting this Court's subject matter jurisdiction before this Court can dismiss this action on this basis.").

14.     Here, Plaintiffs requested discovery regarding the formation, execution, and performance of the agreements at issue, as well as the parties' understanding of the Addenda and the Amendment.  [Doc. 70.]  Such evidence is critical to showing that Defendants waived sovereign immunity with regard to the Addenda Claims.  Indeed, courts within this district have routinely allowed jurisdictional discovery where, as here, the plaintiff explained the precise type of limited jurisdictional discovery requested and provided a rationale for its relevance. *See Vorbe v. Morisseau*, 2014 U.S. Dist. LEXIS 111247, *10 (S.D. Fla. 2014).

15.     In sum, controlling Eleventh Circuit precedent required this Court to allow Plaintiffs to engage in jurisdictional discovery before dismissing the Addenda Claims for lack of subject matter jurisdiction.  *Eaton*, 692 F.2d at 730; *Majd-Pour*, 724 F.2d at 903. The Court's failure to allow said jurisdictional discovery renders the Order clearly erroneous and results in manifest injustice to Plaintiffs.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant this Motion for Reconsideration, deny Defendants' Motions to Dismiss, and for any further relief that is just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs conferred with Defendants' counsel on December 30, 2015 in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Respectfully submitted,

*s/ Damien Prosser*
Damien H. Prosser
Florida Bar No. 017455
Benjamin A. Webster
Florida Bar No. 045167
**Morgan & Morgan P.A.**
20 North Orange Avenue, Suite 1500
Orlando, FL  32801
Telephone:  407-420-1414
Facsimile:  408-418-2048
Email: DProsser@forthepeople.com
Email BWebster@forthepeople.com
*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2015, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will electronically send notification to all counsel of record.

*s/ Damien Prosser*
Damien H. Prosser