UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-20544-KMM

ARCHITECTURAL INGENIERIA
SIGLO XXI, LLC, *et al.*,

    Plaintiffs,

v.

DOMINICAN REPUBLIC, *et al.*,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants the Dominican Republic ("DR") and Instituto Nacional De Recursos Hidráulicos' ("INDRHI") Amended Verified Motion for Attorneys' Fees and Non-Taxable Costs (ECF No. 255) and Amended Memorandum in Support of Bill of Costs (ECF No. 256), and Plaintiffs Architectural Ingenieria Siglo XXI, LLC ("AIS") and Sun Land & RGITC LLC's ("Sun Land") Renewed Verified Motion for Award of Attorneys' Fees and Costs (ECF No. 257). The Court referred all three Motions to the Honorable Chris M. McAliley, United States Magistrate Judge, who issued an Amended Report and Recommendation ("R&R") (ECF No. 289),[1] recommending that Defendants' Amended Memorandum in Support of Bill of Costs be granted, and the remaining Motions be granted in part and denied in part. Plaintiffs filed Objections. ("Objs") (ECF No. 289). Defendants responded. ("Resp.") (ECF No. 292).

---

[1] Magistrate Judge McAliley amended the original Report and Recommendation (ECF No. 283) to address issues raised in Defendants' Motion for Clarification (ECF No. 284) and Plaintiffs' Response (ECF No. 287).

Plaintiffs replied. ("Reply") (ECF No. 293). The matter is now ripe for review.[2] As set forth below, the court ADOPTS the R&R.[3]

## I. BACKGROUND

This case arises out of a breach of contract and unjust enrichment claim. (ECF No. 1). In 2013, the Court entered default judgment against Defendants and awarded Plaintiffs over $50 million. (ECF Nos. 15, 16). Defendants subsequently appeared and moved to vacate the default judgment. (ECF Nos. 18, 19, 23). In 2015, the Court vacated the default judgment. (ECF Nos. 63, 82). An Amended Complaint filed in 2016 (ECF No. 88) led to an eight-day bench trial (ECF Nos. 177, 178, 180, 181, 188–190). Although Plaintiffs sought almost $15 million in damages from Defendants, the Court awarded only $576,842, plus prejudgment interest. (ECF No. 210 at 30).

The Parties claimed entitlement to fees and costs (ECF Nos. 215, 216, 219) pursuant to a provision in the operative contract between them which purports to entitle "the prevailing party" to costs and fees (ECF Nos. 88-1 at 37, 88-2 at 8). Magistrate Judge McAliley issued a Report and Recommendation on Parties' Entitlement to Recover Attorney's Fees and Costs (ECF No. 248), which concerned solely whether the Parties were entitled to recover costs and fees, and not the *amount* the Parties should be awarded. The Court adopted that Report and Recommendation

---

[2] Plaintiffs also filed a Motion to Determine Amount of Prejudgment Interest, which Defendants do not oppose. ("Prejudgment Interest Mot.") (ECF No. 291). Therein, the Parties request that the Court include prejudgment interest of $360,087.53 plus additional interest of $104.96 per day through June 30, 2020, and additional interest at the current daily rate set by the Chief Financial Officer of the State of Florida for each day after June 30, 2020 until final judgment is entered. It is hereby ORDERED AND ADJUDGED that the Prejudgment Interest Motion is GRANTED.

[3] The Court adopts the R&R with the following alterations: on page sixteen, line two, the citation should read, "(ECF No. 259 at 17–18)."; on page thirty-eight, line twenty-two, the citation should read, in relevant part, "*See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988)"; and on page forty-one, line three, the citation should read, "(ECF No. 264 at 8).".

and ruled that (1) AIS is entitled to trial court costs and fees against INDRHI, (2) Sun Land is entitled to no award of any fees or costs, (3) DR is entitled to trial court costs and fees from both Plaintiffs, and (4) INDRHI is entitled to trial court and appellate court costs and fees against Sun Land. (ECF No. 251). The instant motions concern the *amount* of fees and costs that each party is entitled to.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

## III. DISCUSSION

AIS seeks $2,756,131.80 in fees against INDHRI. (ECF No. 257 at 4). This amount includes a 2.5x contingency-fee multiplier that AIS believes it is entitled to. *Id.* AIS also requests $438,203.21 in non-taxable costs. (ECF No. 257 at 4, 16). Defendants seek $3,643,690 in fees from Plaintiffs, reflecting a reduction of $1,302,410 of fees actually incurred. (ECF No. 255 at 5, 16–18). Defendants also seek $629,451 in non-taxable costs and $33,079.12 in taxable costs. (ECF Nos. 255; 256).

Magistrate Judge McAliley first considers AIS's claim for fees against INDHRI. While Plaintiffs' lead counsel Morgan & Morgan handled the briefing of the instant motions, they also request $237,436.50 for work performed by Gray Robinson, P.A. (ECF No. 257 at 6). Magistrate

Judge McAliley finds that the retainer agreement between Morgan & Morgan and AIS did not obligate AIS to pay Gray Robinson, and that the Court cannot therefore award attorneys' fees for work performed by Gray Robinson. R&R at 8. With respect to the remaining $992,858.75, Magistrate Judge McAliley makes several findings. First, she identifies that Morgan & Morgan failed to keep contemporaneous time records, and their attempt to reliably recreate the time records years after the fact was unsuccessful. *Id.* at 14. Accordingly, Magistrate Judge McAliley recommends a 10% reduction in the requested fee amount. *Id.* at 15. Second, Magistrate Judge McAliley applies a 15% reduction for block billing. *Id.* at 16. Third, Magistrate Judge McAliley notes that AIS recovered less than $600,000 of an almost $15 million damages claim. *Id.* Due to Plaintiffs' "very limited success," Magistrate Judge McAliley further reduces the fee request by 50%. Fourth, Magistrate Judge McAliley finds that AIS's request for a 2.5x contingency-fee multiplier was not supported by evidence that "attorneys in [the South Florida] legal market" would only take such a case on a contingency-fee basis if the application of a multiplier was available. *Id.* at 17–19. After subtracting the fees requested for work by Gray Robinson, P.A., and applying a combined 75% reduction to the remainder, Magistrate Judge McAliley recommends awarding AIS with $248,214.69 in fees against INDRHI.

Next, Magistrate Judge McAliley addresses AIS' claimed non-taxable costs. The R&R identifies myriad inconsistencies between claimed costs and invoices filed in support. *See id.* at 21–28. Magistrate Judge McAliley also notes the glaring omission of $118,450 worth of claimed fees that AIS claimed did not "flow through" Morgan & Morgan, and thus are not fully documented. *Id.* at 22. Magistrate Judge McAliley also outlines instances in which non-recoverable appellate costs were commingled with recoverable trial costs, which indicates that "Morgan & Morgan indiscriminately generated and submitted a report of all costs without first

4

checking for accuracy." *Id.* at 26. After subtracting amounts not supported by documentation or that were clearly attributable to the appellate litigation and applying reductions where appellate and trial costs were inextricably tangled, Magistrate Judge McAliley recommends Awarding AIS with $302,127.56 in non-taxable costs.[4]

Magistrate Judge McAliley addresses Defendants' request for fees next. She evaluates the reasonableness of both the hourly rates charged and the hours billed to the case. After comparing several timekeepers' rates with what is standard for a lawyer or legal staff-member with commensurate experience in the South Florida market, Magistrate Judge McAliley applies reductions. *Id.* at 32–37. After multiplying the hours worked by the timekeepers' newly reduced rates, Magistrate Judge McAliley recommends a $144,695 reduction. Although Plaintiffs argue that Defendants' hours billed were unreasonably high—insisting that a 50% to 75% reduction was necessary—Magistrate Judge McAliley finds Defendants' proposed reduction of 15% sufficient. *Id.* at 37–41. Accordingly, Magistrate Judge McAliley recommends awarding Defendants $3,498,995 in fees. *Id.* at 45.

As to apportionment between fees owed by both Plaintiffs to DR and those owed by Sunland to INDHRI, Magistrate Judge McAliley agrees with Defendants' proposed split of 75%/25% respectively between DR and INDRHI. *Id.* at 42. Thus, Magistrate Judge McAliley recommends awarding $2,953,534.75 to DR against both Plaintiffs, and $545,460.25 to INDHRI against Sun Land. *Id.* at 45.

---

[4] Plaintiffs also request $335,483.72 in prejudgment interest but fail to identify their out-of-pocket pecuniary loss or the fixed date of that loss. Magistrate Judge McAliley directed the Parties to "meet and confer" on the amount of prejudgment interest. *Id.* at 30 n.17. The Parties did so, and their agreement is the subject of the Prejudgment Interest Motion.

Finally, Magistrate Judge McAliley considers Defendants' request for non-taxable and taxable costs. She notes that Plaintiffs' failure to oppose Defendants' request for costs could justify granting Defendants' request by default. *Id.* at 44 (citing S.D. Fla. L.R. 7.1(c)). In any event, Magistrate Judge McAliley finds that Defendants' request is bolstered by sufficient documentary evidence. *Id.* at 44–45. Accordingly, Magistrate Judge McAliley recommends an award of $629,451 in non-taxable costs and $33,079.12 in taxable costs to Defendants. *Id.* at 46. Applying the 75%/25% apportionment between Defendants, Magistrate Judge McAliley recommends awarding $538,962 and $28,353.53 to DR against both Plaintiffs, and $90,489 and $4,725.59 to INDRHI against Sun Land, in non-taxable and taxable costs respectively. *Id.* This Court agrees.

Plaintiffs object on two grounds. First, Plaintiffs argue that a 75% reduction in fees "is too much given the significant amount of work it took to litigate this case." Objs. at 2. Second, Plaintiffs argue that Magistrate Judge McAliley "misconstrued" Plaintiffs' statement that the $118,450 in costs that did not flow through Morgan & Morgan to mean that "AIS had no documentation proving the $118,450 was actually incurred." *Id.* at 5–6. Defendants respond that the 75% reduction in fees was appropriate considering the poor recordkeeping, block billing, and limited success by Morgan & Morgan in the course of the litigation. Resp. at 4–14. As to the $118,450 excluded from Magistrate Judge McAliley's award, Defendants argue that Plaintiffs accounted for their costs so haphazardly that even if Plaintiffs did incur the $118,450 in costs, Plaintiffs failed to meet their burden to justify their request for an award of those costs. *Id.* at 14–20. Plaintiffs then reply, acknowledging a $4,000 discrepancy between the amount of expert witness costs claimed in their Objections ($322,248) and their original Motion ($318,248), and adjusting the additional amount that they seeks to recover to $114,450. Reply at 5–6.

"[W]here a litigant fails to offer specific objections to a magistrate judge's factual findings, there is no requirement for the district court to conduct a *de novo* review of those findings." *McCullars v. Comm'r, Soc. Sec. Admin.*, — F. App'x —, 2020 WL 5223713, at *8 (11th Cir. 2020). Here, in objecting to the 75% fee reduction, Plaintiffs fail to identify any factual finding in the R&R to which Plaintiffs object. Rather, Plaintiffs take issue with Magistrate Judge McAliley's *reasoning* by arguing not that Plaintiffs accurately recorded their hours worked and avoided block billing, but that the hours requested were reasonable and their success was greater in context than Magistrate Judge McAliley found it to be.

Likewise, while it might appear that Plaintiffs' objection regarding the phantom $118,450 (or $114,450) in expert fees that did not flow through Morgan & Morgan is an objection to a factual finding by Magistrate Judge McAliley—*i.e.*, that the amount is sufficiently supported by documentation—this too is not a proper, specific objection to a factual finding. After receiving a woefully inadequate bill of costs amounting to $432,513.72, Magistrate Judge McAliley ordered Plaintiffs to file invoices for all requested costs accompanied by "[a] summary that outlines, with specificity, the categories of costs, with specific reference to the invoice(s) by page number(s) that support those claimed costs." (ECF No. 273). In response, Plaintiffs filed a Cost Detail Report (ECF No. 277) that omitted the $118,450 entirely. Thus, Magistrate Judge McAliley deducted the $118,450 from the award of costs because that amount was not *properly* documented, despite being Plaintiffs' second bite at the apple. R&R at 24.

In any event, neither of Plaintiffs' objections persuade this Court. Magistrate Judge McAliley's reductions for poor bookkeeping, block billing, and limited success are comparable to reductions applied in similar cases. *See In re Davis*, No. 87-50208, 1989 WL 1718763, at *19 (Bankr. S.D. Ga. Sept. 8, 1989) (applying a 10% reduction for failure to maintain contemporaneous

records); *Chavez v. Mercantil Commercebank, N.A.*, No. 10-23244-CIV, 2015 WL 136388 (applying a 10% discount for block billing); *Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, No. 08-61240-CIV, 2009 WL 2143628, at *2 (S.D. Fla. July 16, 2009) (applying a 50% discount for limited success). Further, Magistrate Judge McAliley correctly deducted the improperly documented $118,450 because Plaintiffs failed to meet their burden to present documentation justifying their claim in such a way that the Court could properly determine the reasonableness of the request. *See In re Sci.-Atlanta, Inc. Sec. Litig.*, No. 1:01-CV-1950-RWS, 2011 WL 2671296, at *2 (N.D. Ga. July 6, 2011) (excluding costs because "the Court should not bear the burden of having to sift through over 160 pages of invoices to identify specific charges"). And, Plaintiffs flagrantly disregarded Magistrate Judge McAliley's order requiring that a revised bill of costs would be accompanied by a detailed summary with page-number references to invoices.

Accordingly, UPON CONSIDERATION of the Motions, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation (ECF No. 289) is ADOPTED. Defendants' Amended Memorandum in Support of Bill of Costs (ECF No. 256) is GRANTED. Defendants' Amended Verified Motion for Attorneys' Fees and Non-Taxable Costs (ECF No. 255) and Plaintiffs' Renewed Verified Motion for Award of Attorneys' Fees and Costs (ECF No. 257) are GRANTED IN PART and DENIED IN PART.

It is FURTHER ORDERED that the Court awards:

1. AIS $248,214.69 in fees and $302,127.56 in non-taxable costs against INDRHI.

2. DR $2,953,534.75 in fees, $538,962 in non-taxable costs and $28,353.53 in taxable costs against AIS and Sun Land.

3. INDHRI $545,460.25 in fees, $90,489 in non-taxable costs and $4,725.59 in taxable costs against Sun Land.

DONE AND ORDERED in Chambers at Miami, Florida this 28th day of September, 2020.

*K. M. Moore*

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record